Marian F. CHEW, Plaintiff–Appellant,

v.

STATE OF CALIFORNIA, Defendant–Appellee.

No. 89–1390.

United States Court of Appeals, Federal Circuit.

Jan. 3, 1990.

Edwin W. Oldham, Oldham & Oldham Co., LPA, Akron, Ohio, argued, for plaintiff-appellant. With him on the brief, was Stephen L. Grant.

Kathleen E. Gnekow, Deputy Atty. Gen., of Sacramento, Cal., for defendant-appellee. With her on the brief, were John K. Van De Kamp, Atty. Gen. of the State of Cal., R.H. Connett, Asst. Atty. Gen., and Walter E. Wunderlich, Supervising Deputy Atty. Gen.

Donald S. Chisum, of Seattle, Washington, on the brief, for amicus curiae, American Intellectual Property Law Ass'n. With him on the brief, were Michael W. Blommer, Charles L. Gholz, Jack C. Goldstein, I. Fred Koenigsberg and William L. LaFuze.

Before MARKEY, Chief Judge, FRIEDMAN, Senior Circuit Judge,[1] and NIES, Circuit Judge.

## DECISION

NIES, Circuit Judge.

Marian F. Chew appeals from the order of the United States District Court for the Eastern District of California, *Chew v. California*, No. S–88–245 EJG (E.D.Cal. Oct. 13, 1988) (Garcia, J.), dismissing her complaint for failure to state a claim upon which relief may be granted. Marian Chew, a resident of Ohio, brought a patent infringement suit against the State of California alleging infringement of her United States Patent No. 3,472,067 ('067 patent) directed towards a method for testing automobile exhaust emissions. Upon motion by the State of California asserting immunity from suit in federal court under the Eleventh Amendment to the United States Constitution, the district court dismissed. We affirm.

## I

## BACKGROUND

Appellant Marian F. Chew, the inventor and owner of the patent in suit, is a citizen of the State of Ohio. Chew invented a method for testing automobile engine exhaust emissions and was awarded the '067 patent on October 13, 1969. Chew alleges that during the term of the patent, which expired on October 13, 1986, appellee State of California required testing of automobile engine exhaust emissions by a process which she asserts infringed the '067 patent. She states that she notified the Governor of California of her claim and then filed a claim (presumably for compensation) with the State of California Board of Control, but that her claim was rejected in August 1987. Chew had six months thereafter to file suit on her claim, *see* California Gov't Code § 945.6 (Deering 1982), but did not

---

1. Judge Friedman took senior status on November 1, 1989.

pursue that course of action in state court. Instead she brought suit for patent infringement damages against the state under the patent statute, 35 U.S.C. § 1 et seq. (1982 & Supp. 1987), in the United States District Court for the Eastern District of California under 28 U.S.C. § 1338(a) (1982). The state immediately moved to dismiss, asserting its sovereign immunity from suit in the federal court under the Eleventh Amendment. Before the district court, Chew opposed the motion, on the grounds: (1) the state itself had waived its immunity by provisions in the state constitution and statutes; (2) the state impliedly consented to her suit by participating in the federally funded Clean Air Act program; and (3) Congress has abrogated the states' immunity by provisions of the patent statute and by giving exclusive jurisdiction to federal courts to decide patent infringement claims. The district court rejected all of Chew's arguments, the first two under the Supreme Court's decision in *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), in which similar arguments had been put forth. Chew advances only her last argument in this appeal.[2] On that issue, the district court held that congressional intent to abrogate a state's immunity under the Eleventh Amendment must be explicit even where the federal courts are given exclusive jurisdiction over the asserted claim, and that no explicit abrogation appears within the patent statute.

### ISSUE

May a state invoke the Eleventh Amendment of the United States Constitution to bar a suit against the state for patent infringement?

**2.** An amicus brief supporting Chew's position has been filed by the American Intellectual Property Law Association.

**3.** *See, e.g., Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) (sovereign immunity under the Eleventh Amendment precludes suit against state in federal court under Contracts Clause of the Constitution, Art. I, § 10); *Hoffman v. Connecticut Dept. of Income Maintenance,* —— U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) (sovereign immunity under Eleventh Amendment precludes suit against state in fed-

## II

### OPINION

#### A. Eleventh Amendment Immunity

■ The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. By its terms, state sovereign immunity extends to protect California against every suit in federal court by citizens of another state, such as Chew, a resident of Ohio.

Appellant first contends that the doctrine of sovereign immunity is grounded on the principle that "there can be no legal right as against *the authority* that makes the law on which the right depends." *Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 27 S.Ct. 526, 527, 51 L.Ed. 834 (1906) (emphasis added). In appellant's view, it follows that states have no sovereign immunity from liability under the patent statute because the states are not the "authority" that enacted that statute. However, appellant fails to note that *Kawananakoa* did not involve *Eleventh Amendment* immunity. Were the principle stated in *Kawananakoa* the principle being effectuated by the Eleventh Amendment, suits against the state would *ipso facto* be permitted under *all* federal statutes, rendering any further analysis superfluous. Clearly this has never been a viable interpretation of immunity under the Eleventh Amendment.[3]

eral court under Bankruptcy Code, 11 U.S.C. § 106(c)); *Dellmuth v. Muth*, —— U.S. ——, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989) (sovereign immunity under Eleventh Amendment precludes suit against state in federal court under Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.*); *Welch v. Texas Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); (sovereign immunity under Eleventh Amendment precludes suit against state in federal court under the Jones Act, 46 U.S.C. § 688); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87

Contrary to appellant's view, the Supreme Court has stated that "the Eleventh Amendment implicates the fundamental constitutional balance between the Federal Government and the States...." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). *See also, Dellmuth v. Muth,* — U.S. —, 109 S.Ct. 2397, 2400, 105 L.Ed.2d 181 (1989). While the immunity of the states from suit in federal courts under the Eleventh Amendment, on its face, appears to be absolute, this constitutional prohibition has been interpreted to be limited by the delegation of powers to Congress in Article I. As explained by Justice Brennan's opinion in *Pennsylvania v. Union Gas Co.,* — U.S. —, 109 S.Ct. 2273, 2284, 105 L.Ed.2d 1 (1989):

> Because the Commerce Clause withholds power from the States at the same time as it confers it on Congress, and because congressional power thus conferred would be incomplete without the authority to render States liable in damages, it must be that to the extent that the States gave Congress authority to regulate commerce, they also relinquished their [Eleventh Amendment] immunity where Congress found it necessary, in exercising this authority, to render them liable. The States held liable under such a congressional enactment are thus not "unconsenting"; they gave their consent all at once, in ratifying the Constitution containing the Commerce Clause, rather than on a case-by-case basis.

The Court went on to find in *Union Gas* that the text of the statutes before it clearly evidenced congressional intent to render the states liable.

Similarly, appellant and amicus urge in this case that by granting Congress authority to protect inventions in Article I, § 8, cl. 8 of the Constitution, Congress has authority to subject the states to patent infringement suits in federal courts and has done so under the present patent statute. We disagree. Assuming the Congress has the power to subject the states to patent infringement suits, a complex question we do not resolve herein, we conclude, as a matter of statutory interpretation, that Congress has evidenced no intent to exercise such power in the patent statute. *Hoffman v. Connecticut Dept. of Income Maintenance,* — U.S. —, 109 S.Ct. 2818, 2824, 106 L.Ed.2d 76 (1989) ("need not address [congressional] authority under bankruptcy power" where statute "did not abrogate" Eleventh Amendment immunity).

The question of whether Eleventh Amendment immunity has been abrogated has been addressed in a number of recent decisions of the Supreme Court. While the Justices have expressed differing opinions on the limits of congressional power to abrogate states' immunity under the delegated powers (*see, e.g.,* the concurring and dissenting opinions in *Union Gas*), even under the broadest view of the power to abrogate, Congress must "make its intent to do so 'unmistakably clear.'" *Union Gas,* 109 S.Ct. at 2277 (plurality opinion). In *Atascadero,* 473 U.S. at 243, 105 S.Ct. at 3147, the Court stated: "Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself." Evidence of such congressional intent must be both "unequivocal and textual." *Dellmuth,* 109 S.Ct. at 2401.

The district court examined the text of the patent statute and rejected Chew's argument that 35 U.S.C. § 271(a) (1982) contains the requisite intent. In pertinent part, section 271(a) reads: *"whoever* without authority makes, uses or sells any patented invention ... infringes the patent." (emphasis added). We agree that the general term "whoever" is not the requisite unmistakable language of congressional intent necessary to abrogate Eleventh Amendment immunity. The Supreme Court has rejected similar arguments based on general language within a federal statute authorizing suit in federal court which, when given its broadest interpretation, could conceivably subject states to suit.

L.Ed.2d 171 (1985) (sovereign immunity under Eleventh Amendment precludes suit against state in federal court under the Rehabilitation Act of 1973, 29 U.S.C. § 794).

For example in *Atascadero*, 473 U.S. at 245–46, 105 S.Ct. at 3148–49, it was urged that the language in the Rehabilitation Act providing for remedies against "any recipient of Federal assistance" was broad enough to encompass suit against a "recipient" state. In unequivocally rejecting that position, the Court held:

> General authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment.

*Id. See also Dellmuth*, 109 S.Ct. at 2402 (Education of the Handicapped Act, 20 U.S.C. § 1400(b)(9), "parties aggrieved by the Administrative process"—not unmistakable language to authorize suit for grievance against state); *Welch v. Texas Dept. of Highways & Pub. Trans.*, 107 S.Ct. 2941, 2947 (Jones Act, 46 U.S.C.App. § 688, "any seaman"—not unmistakable language to authorize suit against state by state ferry boat employee). "When Congress chooses to subject the states to federal jurisdiction, it must do so *specifically*." *Atascadero*, 473 U.S. at 246, 105 S.Ct. at 3149 (emphasis added). Appellant refers us to no provision in the patent statute, and we find none, which specifically mentions states in conjunction with enforcing a patentee's right to exclude granted by the patent statute.

The recent *Union Gas* decision does not lend support to appellant's position here. In *Union Gas*, 109 S.Ct. at 2277–80, the Supreme Court held the states' immunity to be abrogated by language in the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.* (1982 & Supp. V 1987), as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA), Pub.L.No. 99–499, 100 Stat. 1613 (1986), which made "persons" and "owners and operators" liable for the cleanup costs of contamination. In amended CERCLA, however, states are explicitly included within the statute's definition of "persons," 42 U.S.C. § 9601(21), and "owner or operator" is defined by reference to certain activities a "person" may undertake, 42 U.S.C. § 9601(20)(A). *Id.* at 2277.

In contrast to *Union Gas*, in the present patent statute Congress has provided no express statutory definition of "whoever," much less one which specifically includes "states." Thus, the statute in *Union Gas* is distinguishable from the patent statute.

Amicus and Chew urge that we should discern from decisions of the Court, the public policy in granting patents, the exclusivity of Congress's patent power and the statutory exclusiveness of federal courts' jurisdiction over patent cases, a basis on which to apply a modified, more liberal standard for abrogation of Eleventh Amendment immunity. Assuming that the constitutional and statutory goal of "promot[ing] the Progress of Science and useful Arts ...," U.S. Const. art. I, § 8, cl. 8, would be better effectuated by subjecting states to patent infringement suit in federal court, we cannot reach the result appellant urges. In *Dellmuth*, 109 S.Ct. at 2400–01, the Supreme Court expressly rejected the nontextual argument that abrogation was "'necessary ... to achieve the [Education of the Handicapped Act]'s goals,'" and further expressly rejected an approach permitting resort to legislative history to aid in determining Congressional intent where the text of the federal legislation bore evidence of such an intention but not with unmistakable language.

> Legislative history generally will be irrelevant to a judicial inquiry into whether Congress intended to abrogate the Eleventh Amendment. If Congress' intention is "unmistakably clear in the language of the statute," recourse to legislative history will be unnecessary; if Congress' intention is not unmistakably clear, recourse to legislative history will be futile, because by definition the rule of *Atascadero* will not be met.

*Id.* at 2401. Similarly, the exclusivity of a congressional power or the exclusiveness of the federal court remedy has not been relied upon as grounds or support for abrogation. *See Hoffman*, 109 S.Ct. at 2822 (rule of *Atascadero* applied to Bankruptcy Code). We are unpersuaded by Chew's argument that the Supreme Court would depart from the rule of *Atascadero* with respect to suits against the states under the patent statute.

We also do not agree with Chew that, because the interpretation that immunity

has not been abrogated means she has no forum in which to sue California for patent infringement, the statute must be given the contrary interpretation. This situation is exactly the same as depicted in *BV Engineering v. UCLA*, 858 F.2d 1394, 8 USPQ2d 1421 (9th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1557, 103 L.Ed.2d 859 (1989). In *BV Engineering*, 858 F.2d at 1400, 8 USPQ2d at 1425–26, the Ninth Circuit held that Congress had not abrogated the states' Eleventh Amendment immunity in enacting the Copyright Act of 1976, even though it recognized this holding meant that appellant had no forum for bringing a copyright infringement suit. While we are not bound by this precedent, *see Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir. 1987) (*in banc*), we find the reasoning generally persuasive. Whether Chew, had she filed suit in state court, was entitled to a remedy under state law is a question not before us. *See, infra*, n. 5. We point out that Congress has similarly not provided a forum for patent infringement suits against the United States in Title 35. Rather it has provided for a suit for compensation in the United States Claims Court where "a [patented] invention is used or manufactured by or for the United States." 28 U.S.C. § 1498 (1982). Such suit is based on principles related to the taking of property, namely a patent license, and subjects the United States to payment of appropriate compensation therefor, not to the liability or relief (such as treble damages) provided in the patent statute.

### B. Taking

 Appellant argues that a holding that the Eleventh Amendment prohibits suits against a state for patent infringement in federal court necessarily results in a deprivation of her property without due process of law. This argument appears to intermix two separate, albeit related, arguments: (1) that interpreting the patent statute to preclude patentees from their infringement remedy against a state in federal court violates procedural or substantive due process under the Fifth Amendment; and (2) that the State of California's use of appellant's patented invention without paying compensation deprives Chew of her property contrary to the Fourteenth Amendment.

With respect to the first argument, Chew's claim in essence is that Congress' failure to abrogate states' Eleventh Amendment immunity takes her property. The proper party for that claim would be the United States, not the State of California.[4]

Similarly, with respect to Chew's second argument that the state has taken her property, a patent infringement suit is not the appropriate legal remedy for vindicating a "takings" claim.[5]

### III

### CONCLUSION

The State of California is immune from suit for patent infringement under the patent statute by reason of the Eleventh Amendment. For that reason, we affirm the district court's order dismissing appellant's complaint.

### IV

### COSTS

Each party shall bear their own costs. AFFIRMED.

---

**4.** *See Dames & Moore v. Regan*, 453 U.S. 654, 688–90, 101 S.Ct. 2972, 2991–92, 69 L.Ed.2d 918 (1980); *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 125–27, 95 S.Ct. 335, 349–50, 42 L.Ed.2d 320 (1974).

**5.** While the *BV Engineering* court expressed concern about reaching a result that precluded any forum for bringing a copyright infringement action against a *state*, we think that this concern is misplaced to the extent it is premised on the assumption that, without a forum for an *infringement* suit, an owner of a patent or copyright has *no* legal recourse against a state. This decision, as does the decision in *BV Engineering*, simply forecloses one avenue of recourse—the specific relief for infringement of patent rights otherwise provided by federal statute. *Cf. Welch*, 107 S.Ct. at 2953 n. 19 (availability of worker's compensation claim against state noted where Jones Act claim dismissed).