**JACOBS WIND ELECTRIC COMPANY, INC., and Paul R. Jacobs, Plaintiffs–Appellants,**

v.

**FLORIDA DEPARTMENT OF TRANSPORTATION, Defendant–Appellee.**

No. 90–1251.

United States Court of Appeals, Federal Circuit.

Nov. 20, 1990.

---

Jerry Berkstresser, Shoemaker & Mattare, Ltd., Arlington, Va., argued for plaintiffs-appellants.

Gregory G. Costas, Appellate Atty., Fla. Dept. of Transp., Tallahassee, Fla., argued for defendant-appellee. With him on the brief was Thornton J. Williams.

Before NIES, Chief Judge, and NEWMAN and LOURIE, Circuit Judges.

NIES, Chief Judge.

Jacobs Wind Electric Company, Inc., and Paul R. Jacobs appeal from the order of the United States District Court for the Middle District of Florida in *Jacobs Wind Elec. Co., Inc. v. Florida Dep't of Transp.*, No. 89–411–CIV–T–13B, slip op. (Feb. 8, 1990) (Castagna, J.) dismissing their suit for patent infringement against the State of Florida's Department of Transportation on the ground that Florida is immune from suit by reason of the Eleventh Amendment to the U.S. Constitution. We affirm.

## I

## BACKGROUND

Jacobs Wind Electric Company, Inc., a Florida corporation, and Paul R. Jacobs (collectively "Jacobs") brought suit for patent infringement in federal district court against the Florida Department of Transportation. Jacobs' complaint alleged that the Florida Department of Transportation had infringed U.S. Patent No. 3,733,830, entitled "Tidal Flow System and Method for Causing Water to Flow Through Waterways", when it installed a tidal flow system in a box culvert on the Courtney Campbell Causeway to improve water quality in a pair of laterally spaced waterways north of the Causeway extending inland from Tampa Bay. Shortly after Jacobs filed its complaint, the Florida Department of Transportation filed a motion to dismiss the suit on the ground that, as a division of the State of Florida, it was immune from suit for patent infringement in federal court under the Eleventh Amendment to the U.S. Constitution.[1] On January 3, 1990, this court decided that Eleventh Amendment immunity obtained to bar a suit for patent infringement in federal court against the State of California brought by an Ohio resident in *Chew v. State of California*, 893 F.2d 331, 13 USPQ2d 1393 (Fed.Cir. 1990). Apparently unaware of the *Chew* decision, the district court granted the State of Florida Department of Transportation's motion to dismiss, independently concluding that the state was immune from suit for patent infringement in federal court under the Eleventh Amendment. Jacobs appealed the judgment dismissing the action to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(1) (1988).

## II

## ANALYSIS

This court previously upheld the Eleventh Amendment immunity of a state from suit in federal court for patent infringement in *Chew v. State of California*, 893 F.2d 331, 13 USPQ2d 1393 (Fed.Cir.1990), and the Supreme Court has now denied

---

1. The Eleventh Amendment provides that:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
   U.S. Const. amend. XI.

review of that case. *Chew v. State of California*, —— U.S. ——, 111 S.Ct. 44, 112 L.Ed.2d 20 (1990).

Jacobs asserts as a basis for distinguishing *Chew* that *Chew*'s holding is limited to suits against a state by a nonresident. Because appellants are residents of the defendant State of Florida, Jacobs maintains that *Chew* is not controlling. While Jacobs correctly states the facts in *Chew*, it does not follow that the scope of state sovereign immunity under the Eleventh Amendment is so limited. The Supreme Court has held that Eleventh Amendment immunity obtains to bar suit by a resident *or* nonresident, absent waiver or Congress' legitimate exercise of the power to abrogate that immunity. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472, 479–88, 107 S.Ct. 2941, 2945, 2948–54, 97 L.Ed.2d 389 (1987) and *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890).

Jacobs also contends that the Eleventh Amendment precludes only suits against a state for damages and that it should not be precluded from obtaining a declaration of validity and infringement in this suit. Jacobs' argument essentially is a variation on the argument raised and rejected in *Chew* that without a remedy for patent infringement in federal court, patentees are left without any remedy. Jacobs argues that suit for patent infringement in federal court cannot be foreclosed by Eleventh Amendment immunity because states have no authority to pass statutes granting patent-like protection and state courts have no authority to determine the validity of a patent. We first note that, sitting as a three-judge panel of this court, we are without power to reconsider the holding in *Chew*. *UMC Elecs. Co. v. United States*, 816 F.2d 647, 652 n. 7, 2 USPQ2d 1465, 1468 n. 7 (Fed.Cir.1987), *cert. denied*, 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761; *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1573, 221 USPQ 394, 400 (Fed.Cir.1984). A reversal of that

holding would have to be through an in banc proceeding in this court, Supreme Court review, or through petitioning the U.S. Congress to change the patent statute. *See* H.R. 3886, 101st Cong., 2d Sess., 136 Cong.Rec. H7499 (September 12, 1990) (provision in bill to amend the definition of "whoever" in 35 U.S.C. § 271(a) to include "States"); S. 2193, 101st Cong., 2d Sess., 136 Cong.Rec. S1757 (February 27, 1990) (same).

In any event, Jacobs' contentions that it is left without any remedy in Florida and that a Florida court cannot pass on the validity of a patent are simply wrong. As counsel for the state points out, Jacobs could have sought relief in the Florida Legislature through a claims bill, but chose instead to file a patent infringement suit in U.S. district court. *See* Fla.Stat.Ann. § 11.065 (West 1988). Jacobs also may assert a "takings" claim against the state under the Fifth and Fourteenth Amendments.[2] *See Chew*, 893 F.2d at 336, 13 USPQ2d at 1397; *Ruckelshaus v. Monsanto*, 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (Fifth Amendment "taking" claim asserted against U.S. for alleged disclosure of trade secrets.). Further, although a state court is without power to invalidate an issued patent, there is no limitation on the ability of a state court to decide the question of validity when properly raised in a state court proceeding. *See Lear v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (defense of patent invalidity raised in California court breach of contract action); *Intermedics Infusaid, Inc. v. Regents of the Univ. of Minnesota*, 804 F.2d 129, 132–33, 231 USPQ 653, 656 (Fed.Cir.1986).

## III

## CONCLUSION

Because we conclude that our recent decision in *Chew*, combined with the Supreme

---

**2.** What a patentee may arguably "lose" through being limited to a "takings" claim or similar state court proceeding is not the ability to obtain any remedy, but the benefit of provisions in the patent statute relating to remedy, for example, the provisions of 35 U.S.C. §§ 284 and 285 (1988) relating to enhanced damages and attorney fees.

Court's decision in *Welch*, indicate that Eleventh Amendment immunity obtains to bar suit for patent infringement in federal court against the State of Florida Department of Transportation brought by a resident of that state, the district court's judgment dismissing Jacobs' suit is

AFFIRMED.