Joseph A. PEREZ, Plaintiff,

v.

**CITY OF KEY WEST, et al., Defendants.**

No. 92–1872–Civ–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1995.

[redacted]

John A. Shahan, Law Office of John A. Shahan, Tarpon Springs, FL, for plaintiff Joseph A. Perez.

N. Rives Balcom, Michael R. Piper, Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, FL, for defendant City of Key West, FL.

Francis H. Sheppard, Rumberger, Kirk & Caldwell, P.A., Orlando, FL, Christy L. Whitfield, Law Office of Christy L. Whitfield, Dade City, FL, for defendant Pasco-Hernando Community College.

## *ORDER ON MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, District Judge.

This cause is before the Court on the defendant, Pasco-Hernando Community College's (hereafter Pasco Community), motion for summary judgment and memorandum in support thereof (Docket Nos. 61 and 66) and response thereto (Docket No. 76). The action arises from the termination of the plaintiff's enrollment as a student at the police academy of Pasco Community. The allegations presently before the Court are Counts I and II of the complaint, a 42 U.S.C. § 1983 claim and a violation of the First Amendment claim, all state pendant claims having previously been dismissed.

### *STANDARD OF REVIEW*

[redacted] This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* at 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274. As the district court in *Coghlan v. H.J. Heinz Co.,* 851 F.Supp. 808 (N.D.Tex.1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," ... the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment ... The existence of a mere scintilla of evidence will not suffice ... (cites omitted) at 810–811.

### *DISCUSSION*

[redacted] Initially, the Court must address whether or not there is jurisdiction for the claim against Pasco Community to proceed. The defendant is asserting immunity from suit pursuant to the Eleventh Amendment of the United States Constitution, which states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It is well-settled law that the prohibition from suit against a state entity extends to a citizen of the state sued, despite the fact that the Eleventh Amendment does not specifically contain that statement. *Welch v. Dept. of Highways & Public Transp.,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Jacobs Wind Electric Co. v. Florida Dept. of Transp.,* 919 F.2d 726 (Fed.Cir.1990).

■ The Eleventh Amendment provides protection to the sovereign immunity of states by prohibiting suits, against either the state or state officials, when recovery would be paid from the state's coffers. *Edelman v. Jordon,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). There is no prohibition directed at counties, municipal corporations or other state political subdivisions. *Mt. Healthy Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

■ This immunity issue will depend on the determination of whether or not Pasco Community is an "arm of the state" rather than some other independent political entity. *Mt. Healthy* at 280, 97 S.Ct. at 573. The question of Eleventh Amendment immunity is a matter of federal law, but the Court must look to the state law creating and defining the community college. *Thornquest v. King,* 626 F.Supp. 486, 488 (Fla.M.D.1985).

■ This involves an analysis of the function of the entity as established by state law, including focus on the following three (3) factors: 1) how the state law defines the entity; 2) the degree of state control over the entity; and 3) the fiscal autonomy of the entity, derivation of funds and who is responsible for judgments entered against the entity. *Stewart v. Baldwin County Board of Education,* 908 F.2d 1499 (11th Cir.1990).

The defendant, Pasco Community, asserts that it is an arm of the state and entitled to Eleventh Amendment immunity. The defendant presents the following evidence in support thereof (see affidavit of John A. Harrison, Docket No. 63):

1. Pasco Community is established by § 228.041, Fla.Stat., and its primary function is to "serve postsecondary academic and vocational education needs of the citizens of Florida."

2. Pasco Community is governed by a District Board of Trustees, not a local electorate. This board does not have the power to issue revenue bonds or to levy taxes.

3. The majority of the operating budget for Pasco Community is derived from direct state appropriations, but is also funded in part by student tuition and fees and miscellaneous sources, i.e. interest income. Under Florida law, these constitute state funds and are received, maintained, and expended in accordance with state law and state board of education regulations.

4. If a judgment is entered against Pasco Community the satisfaction of judgment would ultimately be paid from funds obtained through state appropriations.

In response to the evidence presented by the defendant, the plaintiff comes forward only with mere allegations or denials that the Eleventh Amendment is applicable. The plaintiff concludes, without any evidence and with very little argument, that Pasco Community is somehow exempt from claiming Eleventh Amendment immunity because the Pasco County Sheriff's Office is a "directing agency" of the police academy and the police academy might be entitled to federal funds. The Court notes that the plaintiff fails to demonstrate, or even allege, that Pasco Community received federal funds.

The Court finds that the plaintiff has failed to meet his burden of demonstrating that there are genuine and material factual issues remaining for resolution on this issue. The plaintiff earlier defeated a motion to dismiss with this type of conclusory pleading but may not defeat a well pled motion for summary judgment with the same "bare-bones" response.

■ The community colleges of the State of Florida are defined by Chapter 240, Fla. Stat., are operated by a district board of trustees "under statutory authority and rules of the State Board of Education and the

State Board of Community Colleges", § 240.301(1), and are at all times subject to "the overall supervision of the State Board of Education", § 240.305. Examination of the statues related to the community college system, including Pasco Community, convinces this Court that Eleventh Amendment immunity should adhere to the community colleges. In this respect, the Court refers to the excellent discussion of the issue found in the *Thornquest* case, written by District Judge Sharp, particularly pages 488–493. The Court finds that the ruling in *Thornquest* is persuasive and concurs in the conclusions therein.

The finding that the defendant is entitled to Eleventh Amendment immunity requires that the Court dismiss Pasco Hernando from this suit and renders moot the remaining issues raised by the motion for summary judgment. Accordingly, it is

**ORDERED** that the motion for summary judgment be **granted** and the Clerk of the Court be **directed** to enter judgment for the defendant, Pasco Hernando Community College, based on that defendant being entitled to Eleventh Amendment immunity.

**DONE and ORDERED.**