James F. **SCHERR** and The Broker Company, Appellants,

v.

Michael **OYEDOKUM**, Lonnie Kennemer, Mr. Horton, Etim Eminue, Stuart Emmons, Mobil Astral, Elder Dempster Agencies (Nigeria) Limited, Mobil Shipping Company, Ltd., Lloyd Royalties, Inc., the Nigerian National Petroleum Corporation, Arthur Woolbright, Tom Woolbright, Miller Exports, Inc., and Offshore Trading Company, Inc., Appellees.

Nos. B14–92–00749–CV, B14–92–01241–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1994.

James F. Scherr, El Paso, for appellants.

Charles A. Botschen, Evelyn S. Tatum, Houston, Mark L. Williams, Fort Worth, Annette T. Kolodzie, Houston, for appellees.

Before SEARS, ROBERTSON and LEE, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a directed verdict granted in favor of Appellees Arthur Woolbright and Miller Exports, Inc. In addition, Appellants challenge the trial court's failure to render default judgment against Appellees Michael Oyedokum, Etim Eminue, Offshore Trading Company, and Stuart Emmons, and the trial court's subsequent dismissal of those Appellees from the suit. Because we find that one defendant was not disposed of by the court's purported final judgment, we dismiss the appeal for want of jurisdiction.

Appellants brought suit after they were defrauded in an investment scam. While it is unclear from the record, apparently Oyedokum was the main "actor" in the scheme. He convinced investors to fund the purchase

of Nigerian crude oil, which would be shipped to the United States and sold for a large profit. In reality, there was no oil available for purchase by private investors. After Appellant James Scherr invested $200,-000 in the scheme, Oyedokum vanished.[1] Appellants then proceeded to sue everyone connected in any way to the scam, including other investors who had lost money, the Nigerian national company which was supposedly selling the oil, the boat on which the oil supposedly was to be shipped, and the U.S. company which supposedly was to buy the oil.

Prior to trial, Appellants non-suited defendants Mobil Astral, Mobil Shipping Company, Ltd., and the Nigerian National Petroleum Company. On the day of trial, Appellants also dismissed defendant Tom Woolbright. Arthur Woolbright and Miller Exports, Inc. appeared for trial, and at the close of Appellants' evidence, moved for a directed verdict, which the trial court granted. Appellants then moved for a default judgment against Etim Eminue, Michael Oyedokum, Stuart Emmons, and Lonnie Kennemer. The trial court denied the motion as to Eminue, Oyedokum, and Emmons, but granted a default judgment of $200,000 against Lonnie Kennemer in favor of Scherr.

The "Judgment" entered April 1, 1992 reads:

IT IS THEREFORE ADJUDGED:

1. That Plaintiffs JAMES F. SCHERR and THE BROKER COMPANY take nothing against Defendants MILLER EXPORTS, INC. and ARTHUR WOOLBRIGHT and said Defendants go hence with costs of suit against Plaintiffs;

2. That Plaintiffs [sic] cause of action is hereby dismissed against Defendants, TOM WOOLBRIGHT, ETIM EMINUE, MR. HORTON, ELDER DEMPSTER AGENCIES (NIGERIA) LIMITED, MICHAEL OYEDOKUM, STUART EMMONS and OFFSHORE TRADING COMPANY, INC.;

The final paragraph of the "Judgment" originally stated:

3. That Plaintiffs [sic] cause of action against Defendant LONNIE KENNEMER is hereby severed and *this judgment become final as to all other Defendants* [emphasis added].

However, the judge granted Kennemer's Motion for New Trial prior to entering judgment, and before signing the judgment, lined through the above sentence and substituted the following:

3. Defendant LONNIE KENNEMER's motion for new trial is granted as to plaintiff's claims against Kennemer.

Subsequently, Appellants and Kennemer entered into an agreed judgment. On July 30, 1992, the trial court signed a document entitled "Agreed Judgment" which ordered that Appellants were to recover $200,000 from Kennemer. This document also stated: "The Court finds that the other Defendants have answered herein and *are not affected, released or discharged by reason hereof*" (emphasis added).

In summary, of the fourteen original defendants, the two defendants who went to trial were granted instructed verdicts, four defendants were non-suited by Appellants, six defendants were dismissed by order of the trial court, and one defendant entered into an agreed judgment with Appellants. However, one defendant, Lloyd Royalties, Inc., is not mentioned in the "Judgment" or in the "Agreed Judgment." Further, there is nothing in the record to show that Lloyd Royalties was non-suited, or disposed of as a party at any time prior to trial.

▌ Generally, a final judgment is one that disposes of all parties and issues in a lawsuit. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). A judgment usually is presumed final following a trial on the merits. *Houston Health Clubs,* 722 S.W.2d at 693. However, this presumption does not

---

1. Scherr apparently borrowed the money he used for the investment, and The Broker Company was his guarantor on the loan.

apply to summary judgments or default judgments. *Id.* It should likewise not apply in this case, because only two of the many defendants actually went to trial, the other defendants having been non-suited or dismissed from the case by order of the trial court. Therefore, we may not rely on the presumption of finality.

In *Northeast Indep. School Dist. v. Aldridge,* 400 S.W.2d 893 (Tex.1966), the Texas Supreme Court suggested the form in which a judgment may expressly dispose of all issues and parties, even when the party or issue is not discussed in the body of the order. The court stated: "[T]he problem [of outstanding issues or parties] can be eliminated entirely by ... inclusion in judgments of a simple statement that all relief not expressly granted is denied." *Id.* at 898. This language has been termed a "Mother Hubbard clause." *See Schwartz v. Taheny,* 846 S.W.2d 621, 622 (Tex.App.—Houston [14th Dist.] 1993, writ denied). Here, the attorneys originally included language in the final judgment document which would have disposed of all remaining defendants, including Lloyd Royalties, even though Lloyd Royalties had not been mentioned in the body of the order. However, when granting Kennemer a new trial, the trial court lined through the Mother Hubbard language; consequently, the order failed to dispose of Lloyd Royalties. An order that fails to dispose of all parties to the suit is interlocutory. *See Houston Health Clubs,* 722 S.W.2d at 692.

Furthermore, the April 1st "Judgment" is interlocutory for another reason: the trial court included in that judgment an order granting Kennemer a new trial, without severing the undisposed-of cause of action from the remainder of the judgment. An order granting a new trial is an unappealable interlocutory order. *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993). *See also Ambrose v. Mack,* 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied) (stating a judgment is not final when future action by the court is necessary). The subse-

quent Agreed Judgment, which disposed of Kennemer, should have finalized the judgment. However, the Agreed Judgment order expressly stated that it did not apply to any other defendant except Kennemer. Although the Agreed Judgment finalized the judgment as to Kennemer and the parties already disposed of by the Judgment, it did not serve to resolve the rights of *all* parties to the suit, because no determination was made as to Lloyd Royalties. Thus, the judgment remains interlocutory.

It is fundamental error for this Court to assume jurisdiction over an interlocutory order when not expressly authorized by statute to do so.[2] *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990); *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984).

At submission, this Court advised Appellants' attorney that the complained-of judgment was interlocutory and that we would give the parties ten days to obtain an order from the trial court which would finalize the judgment. When the parties failed to supplement the record on appeal with such an order, we sent them a letter stating that the appeal would be dismissed for lack of jurisdiction if the supplemental order was not filed within ten days of the date of the letter. More than twenty-one days have passed, the record has not been supplemented, and this Court lacks jurisdiction to proceed with the appeal.

The appeal is dismissed for want of jurisdiction.

---

2. Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1994) is the general statute that lists the interlocutory orders from which an appeal may be taken. This case falls into none of the authorized categories.