**The STATE of Texas and the University of Houston System, Appellant,**

**v.**

**John R. PHENIX & ASSOCIATES, INC., Appellee.**

**No. 14–98–00155–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1998.

Maureen Powers, Austin, for appellant.

Paul McCulloch, Houston, Veda Ann Moore, Stafford, for appellee.

Panel consists of Chief Justice MURPHY and Justices HUDSON and DRAUGHN.*

* Senior Justice Joe. L. Draughn sitting by assignment.

## OPINION

MURPHY, Chief Justice.

This is an accelerated appeal brought by the State of Texas and the University of Houston System ("State") asking this Court to reverse the trial court's denial of its plea to the jurisdiction. In the sole issue presented, the State contends the trial court had no jurisdiction to entertain the suit brought by John R. Phenix & Associates, Inc. ("Phenix") because it was filed after the expiration of the legislative resolution granting a limited waiver of immunity and consent to sue. We reverse the trial court's order and render judgment in favor of the State, dismissing the cause.

### Background

In 1987, Phenix originally filed suit against the State alleging breach of contract. The case was dismissed, as was the subsequent appeal, on grounds of governmental immunity. Phenix then sought and later obtained a resolution from the 74th Legislature, granting it permission to sue the State on the breach of contract claim.[1] Governor Bush signed the resolution on June 17, 1995.

Phenix did not file suit pursuant to the resolution until June 27, 1997. On August 25, the State responded by filing a plea to the jurisdiction contending that the trial court lacked jurisdiction to decide the case because the resolution, granting legislative consent to sue the State, expired before suit was filed. On October 9, the trial court granted the State's plea to the jurisdiction. However, on December 1, the court held a hearing on Phenix's motion for new trial, granted the motion, and signed an order reinstating the case. On January 16, 1998, the trial court consequently reversed its earlier ruling and denied the State's plea to the jurisdiction. It is that order from which the State now brings this accelerated appeal.

1. *See* S.C.R. No. 53, 74th Leg., Reg. Sess.

### Discussion

■ In its sole issue for review, the State contends the trial court had no jurisdiction to entertain Phenix's suit because it was filed after the expiration of the legislative resolution granting a limited waiver of immunity and consent to sue. The State argues that the trial court's denial of its plea to the jurisdiction constituted reversible error in that it caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1).

■ Initially, we note that a trial court has no discretion to entertain a suit for which it lacks subject matter jurisdiction. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993); *Munters Corp. v. Locher,* 936 S.W.2d 494, 496 (Tex.App.—Houston [14th Dist.] 1997, writ denied). A lack of subject matter jurisdiction is fundamental error which must be reviewed by the appellate court at any time it appears. *See Color Tile, Inc. v. Ramsey,* 905 S.W.2d 620, 622 (Tex.App.—Houston [14th Dist.] 1995, no writ); *City of El Paso v. Madero Dev.,* 803 S.W.2d 396, 400 (Tex.App.—El Paso 1991, writ denied). The doctrine of sovereign immunity, unless waived, protects the State of Texas, its agencies and officials from lawsuits for damages, absent legislative consent to sue the State. *See Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). Consequently, a trial court lacks jurisdiction to entertain a suit against the State where legislative consent to sue has not been granted. *See id.* The same result obtains when a suit against the State for which legislative consent has been granted is not filed within the allotted time period. *See Buford v. State,* 322 S.W.2d 366, 370 (Tex.Civ.App.—Austin 1959, writ ref'd n.r.e.); *see also Bullock v. Electro–Science Investors, Inc.,* 533 S.W.2d 892, 895 (Tex.Civ.App.—Austin 1976, no writ) (holding trial court was without jurisdiction to entertain suit against State where suit was not filed (Tex.1995).

within period required by statute). We must therefore determine whether the res-. olution granting permission to Phenix to sue the State by providing a limited waiver of immunity had expired, thereby depriving the trial court of jurisdiction to decide the case.

■■ The Texas Supreme Court addressed in detail the issue of the State's sovereign immunity from suit in *Federal Sign v. Texas Southern University*, 951 S.W.2d at 405–08. The court reiterated its position that legislative consent is mandatory in order to bring a breach of contract suit against the State and its agencies. *See id.* at 408. In the absence of such consent, a suit against the State is barred under the doctrine of sovereign immunity. *See id.* at 405. Legislative consent to sue effectively serves as a limited waiver of immunity and may be manifested by statute or by legislative resolution. *See id.* A resolution that grants a party permission to sue the State must comport with the requirements as set forth in Chapter 107 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 107 (Vernon 1997). In particular, section 107.002 addresses the effect of a grant of permission to sue and stipulates the conditions to which such permission is subject. *See id.* at § 107.002. This section provides in relevant part:

(a) A resolution that grants a person permission to sue the state has the following effect and the permission is granted subject to the following conditions:

. . . .

(2) the suit must be filed before the second anniversary of the effective date of the resolution;

TEX. CIV. PRAC. & REM. CODE ANN. § 107.002(a)(2) (Vernon 1997). Thus, subsection (a)(2) makes clear that permission to sue the State is granted *on condition*

*that* suit is brought before the second anniversary of the effective date of the resolution. The crucial inquiry, therefore, is what is meant by the "effective date" of the resolution.

■■ The State argues the effective date of a resolution is the date the governor signs it. Texas courts that have considered the meaning of the "effective date" of a resolution have concluded that it is the date the governor signs it. *See Green Int'l, Inc. v. State*, 877 S.W.2d 428, 438 (Tex.App.—Austin 1994, writ dism'd); *Commercial Standard Fire & Marine Co. v. Comm'r of Ins.*, 429 S.W.2d 930, 934 (Tex.Civ.App.—Austin 1968, no writ). In doing so, these courts looked to article IV, section 15 of the Texas Constitution, which provides in relevant part:

Every order, resolution or vote to which the concurrence of both Houses of the Legislature may be necessary, except on questions of adjournment, shall be presented to the Governor, and, *before it shall take effect, shall be approved by him;* or, being disapproved, shall be repassed by both Houses, and all the rules, provisions and limitations shall apply thereto as prescribed in the last preceding section in the case of a bill.

TEX. CONST. art. IV, § 15 (emphasis added). This language unequivocally indicates that the governor's affirmative approval is required before a resolution becomes effective. *See Green Int'l*, 877 S.W.2d at 438.[2] Therefore, the effective date of a resolution as provided in section 107.002(a)(2) is the date the governor signs it. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 107.002(a)(2) (Vernon 1997). As Phenix did not file suit pursuant to the resolution until June 27, 1997, eleven days after the second anniversary of the effective date of the resolution, the legislative consent to sue the State had expired.

**2.** As the quoted language above illustrates, however, if such approval is not given, the resolution may be repassed by both Houses at which time the procedures followed are those

for enactment of a bill as prescribed in article IV, section 14 of the Constitution. *See Green Int'l, Inc. v. State*, 877 S.W.2d 428, 438 (Tex. App.—Austin 1994, writ dism'd).

 Phenix nevertheless argues that the "effective date" of a resolution referred to in section 107.002(a)(2) is ambiguous because it has not been specifically defined either by the legislature or in the Texas Constitution. Phenix urges us to resolve this "ambiguity" by imposing the effective date of statutes on resolutions as set forth in article III, section 39 of the Constitution.

 Contrary to Phenix's contention, the "effective date" of a resolution as set forth in section 107.002(a)(2) is defined as the date the governor signs it. *See* TEX. CONST. art. IV, § 15. That the Texas Constitution must be referred to in order to define this term does not render the section ambiguous. Furthermore, the ninety day rule prescribed in article III, section 39 that appellee would have us apply to this resolution is inapplicable. Section 39 provides, in relevant part, that "[n]o *law* passed by the Legislature ... shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted ...." TEX. CONST. art. III, § 39 (emphasis added). However, the Constitution clearly delineates between laws and resolutions. *See Commercial Standard,* 429 S.W.2d at 934 (noting that "[t]he Constitution places bills and resolutions in separate and distinct categories").[3] Moreover, resolutions, such as the one here, affect only the legal rights of the parties to the authorized suit, and do not become the general law of the state. *See Caples v. Cole,* 129 Tex. 370, 102 S.W.2d 173, 176 (1937); *Terrell Wells Swimming Pool v. Rodriguez,* 182 S.W.2d 824, 826 (Tex.Civ.App.—San Antonio 1944).

We hold the trial court lacked jurisdiction to decide the case because Phenix failed to file suit before the second anniversary of the effective date of the resolution as required under section 107.002(a)(2). *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 107.002(a)(2) (Vernon 1997). Accordingly, we reverse the trial court's order denying the State's plea to the jurisdiction and render judgment, dismissing the cause.

---

**3.** Whereas article III, section 30 of the Constitution provides that no *law* shall be passed except by bill, article IV, section 15 states that a *resolution* takes effect when the governor signs it.