Dismissed in Part, Reversed and Rendered in Part and Memorandum Opinion
filed April 24, 2003

















Dismissed in
Part, Reversed and Rendered in Part and Memorandum Opinion filed April 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00947-CV

____________

 

CITY OF HOUSTON, CANDLELIGHT
DEVELOPMENT JOINT VENTURE, AND J.E. FISCHER INVESTMENTS, L.C., Appellants

 

V.

 

FELIX GRUDZIECKE AND FLORENCE GRUDZIECKE, JOHN McREYNOLDS AND BARBARA McREYNOLDS,
CHERYL L. HOWARD, ILGE E. GANN, WILLIAM R. WILLIAMS AND SANDRA K. WILLIAMS,
JAMES F. COX, JR. and MARY RUTH COX, Appellees

 

____________________________________________

 

On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 02-30158

 

____________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellees, homeowners in Harris County, brought
suit for injunctive relief against the City of Houston (“the City”),
Candlelight Development Joint Venture and J.E. Fischer Investments, L.C. (“the
Developers”).  The district court denied
appellants’ pleas to the jurisdiction. 
We dismiss in part and reverse and render in part.








Factual Background

            Appellees are homeowners in the Candlelight Estates
subdivision in Harris County.  Bisecting the subdivision into Sections One
and Two is Rossyln Road
, on which
the City of Houston owns a
right-of-way.  The Harris County Flood
Control District (“the District”) owns a drainage easement running
perpendicular to Rossyln Road
.  To make a new subdivision accessible, the
Developers planned to build a bridge in the City’s right-of-way and on the
District’s easement.  Before proceeding
with plans to construct the bridge, the Developers sought approval from the
District, which they received in 2001 when the District sent them a “No
Objection” letter.  The City approved the
plat and granted a permit for the bridge.

            Appellees filed suit against both the Developers and the
City.  In their “Original Petition and
Request for Permanent Injunctive Relief,” appellees
contend that the Developers submitted plans for an even larger bridge to the
City of Houston and that
it “will cause an increase in flood waters upstream of the bridge on [appellees’] properties” and “interfere with the use and
enjoyment of their property thereby causing a nuisance.”

            Appellees’ petition sets forth four causes of action,
including the torts of trespass and nuisance as well as a violation of section
11.086 of the Texas Water Code against the Developers.[1]  Against the City, appellees
brought an inverse condemnation claim alleging the City had unconstitutionally
taken their property without consent or adequate compensation.

 

            Appellees did not seek monetary damages from the City or
the Developers.  Rather, they “sought a
mandatory permanent injunction compelling the Developer[s] and the City of
Houston to (1) remove and/or prevent any portion of the bridge to be located
solely within the Harris County Flood Control District’s drainage easement, (2)
prevent any bridge from being constructed that will cause increased flooding of
[Appellees’] property, and (3) compelling the
Developer[s] to construct detention ponds on [their] property to control the
surface water from its development and prevent it from flooding the [Appellees.]”

            Both
the City and the Developers filed pleas to the jurisdiction, which the district
court denied.  After the district court
denied both pleas to the jurisdiction, this interlocutory appeal ensued.  Appellant’s each present one issue on appeal,
challenging the trial court’s denial of their respective pleas to the
jurisdiction.  The Developers claim appellees did not have standing and their claims were not
ripe as they had not been injured.  The
City, in addition to arguing the issue of sovereign immunity, contends that appellees have not suffered a taking as defined by the
Texas Constitution.  Appellees
filed with this Court a “Motion for Dismissal of Appellants’ Appeal and Request
for Damages for Frivolous Appeal,” in which they argue the Developers’
interlocutory appeal was not authorized by statute.

Standard of Review

            Appellate
courts review a district court’s ruling on a plea to the jurisdiction under a
de novo standard of review.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). A
plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have
merit.  Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The purpose of a dilatory plea is
not to force the plaintiff to preview his case on the merits but to establish a
reason why the merits of his claims should never be reached.  Id.  Throughout this inquiry, we are mindful that
subject matter jurisdiction is never presumed and cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44 (Tex. 1993).

            Here,
both the City and the Developers filed interlocutory appeals challenging the
district court’s denial of their pleas to the jurisdiction.  Appellate courts have jurisdiction to
consider immediate appeals of interlocutory orders only if a statute explicitly
provides appellate jurisdiction.  See Stary v. DeBord, 967 S.W.2d 352, 353 (Tex. 1998); Dallas County Cmty. Coll. Dist. v. Bolton, 990 S.W.2d 465, 467 (Tex.
App.—Dallas 1999, no pet.).  The Texas
Legislature determines, by statute, whether a particular type of pretrial
ruling is appealable before a final judgment is
rendered.  See Bolton, 990
S.W.2d at 467.  The Texas Civil Practice
and Remedies Code permits interlocutory appeals only in certain specified
instances, including the appeal of an order that “grants or denies a plea to
the jurisdiction by a governmental unit as that term is defined in Section
101.001.”  Tex. Civ. Prac.
& Rem. Code § 51.014(a)(8).  “Governmental unit” is defined to include
political subdivisions of this state, including “any city.”  Id. §
101.001(3)(b).  Because the statute
authorizing interlocutory appeals is a narrow exception to the general rule
that only final judgments and orders are appealable,
we must give it a strict construction.  See Tex. Dep’t of Transp. v. City of
Sunset Valley, 8 S.W.3d 727, 730 (Tex.
App.—Austin 1999, no pet.); Am. Online,
Inc. v. Williams, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997,
no pet.).

The Developers’ Plea to the Jurisdiction

            The
Developers claim the district court has no jurisdiction because appellees have no standing and their causes of action are
not yet ripe for review.  We need not
address the Developers’ specific arguments as their appeal is improperly before
this court.  In their notice of appeal,
the Developers stated theirs was an “accelerated interlocutory appeal filed
pursuant to the provisions of Section 51.014(a)(8), Texas Civil Practices and
Remedies Code and pursuant to the provisions of Tex. R. App. P. 28.1.”[2]  However, the Developers, as private business
entities, are not “governmental units” falling within the ambit of the
statute.  See Tex. Civ.
Prac. & Rem. Code
§ 101.001.  It is fundamental error for
this Court to assume jurisdiction over an interlocutory order when not
expressly authorized by statute to do so. 
Scherr v. Oyedokum,
889 S.W.2d 546, 549 (Tex. App.—Houston [14th Dist.] 1994, no writ).

            In
their notice of appeal, the Developers cite Brown
v. Todd, 53 S.W.3d 297, 301 (Tex. 2001), for
the proposition that jurisdiction properly invoked on one issue bestows upon
the court jurisdiction of the entire case. 
We find Brown distinguishable
because it dealt with the jurisdiction of the Texas Supreme Court to hear cases
appealed from the courts of appeals.  In Brown, the Texas Supreme Court was
addressing its own jurisdiction over interlocutory appeals where the “justices
of the courts of appeals disagree on a question of law material to the
decision.”  See Tex. Gov’t
Code § 22.225(c).  Two plaintiffs,
one a citizen and the other a city councilman, sued the City of Houston and its
mayor seeking a declaration that a city ordinance was invalid and an injunction
against its enforcement.  Brown, 53 S.W.3d at 299.  While the district court found that the
citizen did not have standing to pursue the relief requested, it enjoined the
enforcement of the executive order after finding that the councilman did have
standing.  Id. at 299–300.  The City of Houston appealed
from the granting of the temporary injunction, while the citizen appealed from
the district court’s dismissal of his claim. 
Id. at
300.  The court of appeals affirmed the
judgment, but on the issue of standing, the opinion drew a dissent  Id.  Both appellants filed petitions for
discretionary review with the Texas Supreme Court.  Id.  While the citizen sought to invoke the
supreme court’s jurisdiction on the basis of the dissent, the City argued that
the issues presented were important to the jurisprudence of the State.  Id.  The Supreme Court found the City’s
jurisdictional argument to be without merit, although it held that it acquired
jurisdiction over the City’s claim by virtue of the citizen’s proper invocation
of jurisdiction.  Id. at
300–01.  Thus, Brown stands only for the proposition that the Texas Supreme Court,
when reviewing a court of appeals’ opinion which has drawn a dissent, may 

 class=Section3>

acquire jurisdiction to consider claims over which it
would otherwise lack jurisdiction so long as they are raised with a claim that
is within its jurisdiction.  Id.  In the case at bar, we are not called upon to
interpret Tex. Gov’t
Code § 22.225(c), and thus, Brown
is inapplicable. 

            In
their response to appellees’ motion to dismiss and at
submission, the Developers relied on Letson v. Barnes
for the proposition that to the extent the subject matter of a non-appealable interlocutory order may affect the validity of
an appealable interlocutory order, the non-appealable order may be considered on interlocutory
appeal.  979 S.W.2d 414 (Tex.
App.—Amarillo 1998, pet. denied).  In Letson, private
gaming companies sought an injunction against law enforcement authorities to
prevent them “from seizing, confiscating, forfeiting, or initiating forfeiture
proceedings against any . . . machines for which the state occupation tax had
been paid.”  Id. at
416.  After the district court imposed a
temporary injunction, the authorities filed an interlocutory appeal.  Id.  In three points of error, the authorities
argued the court lacked jurisdiction to issue the injunction, the injunction
was an unconstitutional suspension of law, and the district court abused its
discretion in issuing the injunction without hearing any evidence.  Id.  Before reviewing the points on interlocutory
appeal, the court noted:

[I]n conducting its review,
we must be chary against considering matters other than those integral to the
temporary injunction.  That is, an appeal
of a temporary injunction is not a vehicle which imbues the court with
jurisdiction to address interlocutory matters outside the scope of section
51.014 of the Texas Civil Practice and Remedies Code.  Yet, to the extent that the subject matter of
a [sic] the non-appealable interlocutory order may
affect the validity of the appealable order, the non-appealable order may be considered.  This, therefore, permits us to address the
issue of subject matter jurisdiction over the cause even though that topic is
not within those enumerated under section 51.014 of the Civil Practice and
Remedies Code.  Indeed, it could be said
that the absence of jurisdiction to adjudicate the cause could result in
characterizing the court’s decision to issue an injunction as an act of abused
discretion. Simply put, if the court has no authority to act, it can hardly be
said that the court’s action is valid.

 class=Section4>

            Id. at 417
(footnotes and citations omitted). 
Ultimately, the Letson
court reversed the order granting the temporary injunction, dissolved that
injunction, and remanded the cause to the district court with instructions to
dismiss it for want of jurisdiction.  Id. at 419.

            In
relying on this case, the Developers do not articulate how “the validity of the
appealable order” in this case would be affected by
the matter of the non-appealable interlocutory
order.  When a litigant challenges both appealable and unappealable
interlocutory orders, we “review the portion of an order which is appealable and refuse to consider the portion which is not-appealable.”  Waite v. Waite, 64 S.W.3d 217, 224 n.6
(Tex. App.—Houston [14th
Dist.] 2001, pet. denied) (quoting Markel v. World Flight, Inc., 938 S.W.2d 74, 78 (Tex.
App.—San Antonio 1996, no writ)).  In the
instant case, we have two sets of claims asserted against two separate and
distinct parties.  We find no authority
which allows a party to bootstrap an unappealable
interlocutory order to a governmental entity’s statutory interlocutory appeal
of a denial of a plea to the jurisdiction. 
To accept the Developers’ arguments would require a holding which grants
the right of interlocutory appeal to any co-defendant of a governmental unit
filing a plea to the jurisdiction. 
Strictly construing the interlocutory appeal statute, we cannot say that
it permits such an overly broad interpretation.  See Williams, 958 S.W.2d at 271. 
Accordingly, we overrule the Developers’ issue on appeal and grant appellees’ motion to dismiss the Developers’ appeal as we
are without jurisdiction to consider it.




The City’s Plea To The Jurisdiction

            The
City contends the district court improperly denied its plea to the
jurisdiction.  Through a plea to the
jurisdiction, a movant may raise any ground on which
the movant claims the court has no subject matter
jurisdiction.  See City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex.
App.—Austin 1998, no pet.).  In so doing,
the City maintains the appellees did not suffer a
taking under the Texas Constitution and they have suffered no injury.  We need not address the specific arguments
advanced by the City, as we find that the district court had no discretion to
entertain this suit because it did not have subject matter jurisdiction.  See State v. John R. Phenix &
Assocs., Inc., 6 S.W.3d 288, 290 (Tex. App.—Houston [14th Dist.] 1998, no
pet.) 

            In
their “Plaintiffs’ Original Petition and Request for Permanent Injunctive
Relief,” appellees set forth their sole cause of
action against the City as follows:

Constitutional Taking by the
City of Houston.  Plaintiffs would show that the City of
Houston has, by virtue of the above described intentional conduct, and in the
exercise of their lawful authority, will cause a taking of Plaintiffs’ property
for application to public use without adequate compensation in violation of §
17 of Article 1 of the Constitution of the State of Texas, which provides that
“no person’s property shall be taken, damaged or destroyed for or applied to
public use without adequate compensation being made, unless by consent of such
person.”  No Plaintiffs have permitted or
consented to the flooding of their properties, nor have they been compensated
for such.

 

            No
person’s property shall be taken, damaged or destroyed for or applied to public
use without adequate compensation being made. 
See Tex. Const. art. I, § 17. 
A municipality’s wielding of the power of eminent domain is “commonly
referred to as ‘condemnation.’”  Taub v. Aquila
Southwest Pipeline Corp., 93 S.W.3d 451, 456 (Tex. App.—Houston [14th
Dist.] 2002, no pet h.) (quoting Black’s
Law Dictionary 523 (6th ed.1990)). 
Condemnation is the procedure by which a sovereign state exercises its
right to take property of a private owner for public use, without consent, but
upon the payment of just compensation.  Dahl ex rel. Dahl
v. State, 92 S.W.3d 856, 861
(Tex. App.—Houston [14th
Dist.] 2002, no pet.); A.C. Aukerman Co. v. State, 902 S.W.2d 576, 577 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). 
Inverse condemnation occurs when a property owner seeks compensation for
property taken for public use without process or a proper condemnation
proceeding.  See A.C. Aukerman Co., 902 S.W.2d at
577.  Thus, the appellees’
claims are properly characterized as inverse condemnation claims.  See
Westgate, Ltd. v. State, 843 S.W.2d 448, 452 (Tex. 1992) (“An inverse
condemnation or ‘taking’ action is thus available to compensate a property
owner for a loss resulting when his property has been taken or damaged for
public use without compensation or a condemnation proceeding.”).

            Appellees brought suit in Harris County district
court.  By statute, district courts have
“the jurisdiction provided by Article V, Section 8, of the Texas Constitution,”
and “may hear and determine any cause that is cognizable by courts of law or
equity and may grant any relief that could be granted by either courts of law
or equity.”  Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 220 (Tex. 2002) (quoting Tex. Gov’t Code §§
24.007–.008)).  The jurisdiction of the
district courts of Texas consists
of exclusive, appellate, and original jurisdiction of all actions, proceedings,
and remedies, except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law on some other
court, tribunal, or administrative body. 
Tex. Const. art. V, §
8.   

            The
Texas Legislature has seen fit to bestow upon the Harris County courts at
law exclusive jurisdiction over inverse condemnation actions.  Taub, 93 S.W.3d at 456.[3]  The Texas Government Code provides that “[a]
county civil court at law has exclusive jurisdiction in Harris County of eminent
domain proceedings, both statutory and inverse, regardless of the amount in
controversy.”  tex. Gov’t Code §
25.1032(c); Taub, 93 S.W.3d at 456; see also State v. Landry, 793 S.W.2d 281, 284 (Tex. App.—Houston
[14th Dist.] 1990, orig. proceeding).  In
Taub, we
concluded that a district court in Harris County lacked
subject matter jurisdiction to entertain a publicly regulated gas utility’s
condemnation counterclaims against a landowner because of the exclusive
jurisdiction over eminent domain proceedings specifically granted to the civil
courts at law in Harris County.  Taub, 93 S.W.3d at 456.

            Thus,
because exclusive jurisdiction over inverse condemnation proceedings in Harris County is vested
in the county courts at law, the district court was without subject matter jurisdiction
to entertain appellees’ claim against the City.  Appellant City of Houston’s sole
issue on appeal is sustained.

Conclusion

            We reverse the district court’s
denial of the City’s plea to the jurisdiction and render judgment granting the
plea to the jurisdiction and dismissing appellees’
claims against the City.  Because the
Developers’ appeal falls within the general rule prohibiting interlocutory
appeals, we grant appellees’ motion to dismiss their
appeal for want of jurisdiction.  Finding
that the appeal is not frivolous, we deny appellees’
request for attorneys fees.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 24, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 











            [1]  Section 11.086 provides that “[n]o person may
divert or impound the natural flow of surface waters in this state, or permit a
diversion or impounding by him to continue, in a manner that damages the
property of another by the overflow of the water diverted or impounded.”  Tex.
Water Code § 11.086.  A person
whose property is injured by an overflow of water caused by an unlawful
diversion or impounding has remedies at law and in equity and may recover
damages occasioned by the overflow.  Id.

 





            [2]  Rule 28.1 provides that “[a]n appeal from an
interlocutory order, when allowed,
will be accelerated.”  Tex. R. App. P. 28.1 (emphasis added).





            [3]  The City of Houston did not
cite to this provision of the Government Code in its brief.  When lack of subject matter jurisdiction is
apparent from the record, it may be raised by the court if not raised by the
parties. See Taub,
93 S.W.3d at 456.  The Developers did
invoke this section, but their reference to it is futile, as appellees’ claims against them are tortious
and statutory and do not sound in inverse condemnation.