WILCOX INDUSTRIES, INC., d.b.a. Indiana Chair Frame Company, Appellant,

v.

The STATE of Ohio, d.b.a. Ohio Prison Industries, Appellee.

[Cite as *Wilcox Industries, Inc. v. State* (1992), 79 Ohio App.3d 403.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910461.

Decided April 22, 1992.

*Wood, Herron & Evans* and *Kurt L. Grossman,* for appellant.

*Lee I. Fisher,* Attorney General, and *Allen P. Adler,* Assistant Attorney General, for appellee.

*Per Curiam.*

On January 22, 1991, plaintiff-appellant, Wilcox Industries, Inc., d.b.a. Indiana Chair Frame Company, filed suit against defendant-appellee, the state of Ohio, d.b.a. Ohio Prison Industries. Plaintiff claimed that defendant was making, using and selling products under plaintiff's patent[1] and that this amounted to an unconstitutional and unlawful taking of private property for public use. Plaintiff sought to enjoin defendant's activity and also sought damages. Defendant moved the trial court to dismiss plaintiff's claim under Civ.R. 12(B)(6). The trial court granted the motion and dismissed plaintiff's claim on June 13, 1991, stating that the court had no jurisdiction over claims made against the state of Ohio and no jurisdiction over claims of patent infringement.

In this appeal, plaintiff asserts two assignments of error. For the reasons that follow, we find that the assignments are not well taken.

Plaintiff's first assignment of error alleges that the trial court erred in dismissing plaintiff's claim of compensation for an eminent-domain taking by the state of Ohio. The second assignment of error argues that the trial court erred in concluding that venue was improper in Hamilton County. Because of the overlapping issues, we will address both assignments together.

A case involving a claim that the state of Ohio has infringed upon the patent of a private party, in effect, taking the private property of that party, is a case of first impression in Ohio. For this reason, we have no established body of case law upon which to rely.

---

1. The invention under patent is a room partition system.

Appellee contends that this case can only be characterized as a patent-infringement case and that the federal court has exclusive jurisdiction over patent matters. Our review of federal law indicates otherwise.

In *Chew v. California* (C.A.Fed.Cir.1990), 893 F.2d 331, certiorari denied (1990), 498 U.S. 810, 111 S.Ct. 44, 112 L.Ed.2d 20, plaintiff sued the state of California for patent infringement. The court held that the state of California was immune from suit for patent infringement by reason of the Eleventh Amendment and that a patent-infringement suit was not the appropriate legal remedy for vindicating a "takings" claim.

In a factually similar case, *Jacobs Wind Elec. Co., Inc. v. Florida Dept. of Transp.* (C.A.Fed.Cir.1990), 919 F.2d 726, the court affirmed the *Chew* decision and concluded that the plaintiff could assert a takings claim against the state under the Fifth and Fourteenth Amendments.

■ As the court in *Motorola, Inc. v. United States* (C.A.Fed.Cir.1984), 729 F.2d 765, explained, where a patent owner seeks to recover just compensation for the government's unauthorized taking and use of his invention, the theoretical basis for his recovery is the doctrine of eminent domain. See, also, *Leesona Corp. v. United States* (1979), 599 F.2d 958, 220 Ct.Cl. 234, certiorari denied (1979), 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420. (The theory for recovery against the government for patent infringement is not analogous to that involving litigation between private parties. When the government has infringed, it is deemed to have "taken" the patent license under an eminent-domain theory and just compensation is required by the Fifth Amendment.) Our review of these cases leads us to conclude that if the state of Ohio cannot take a party's patent right without just compensation, then a cause of action to enforce that right can be brought only in the courts of this state.

■ Plaintiff urges us to hold that the court of common pleas is the only proper forum in which this cause of action can be heard. However, R.C. 2743.03 states that:

"The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code[.] * * * "

R.C. 2743.02 states that:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * *."

The state cannot be sued for its legislative or judicial functions or for executive functions characterized by a high degree of official judgment or discretion. *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776. However, when the state acts in its private capacity, R.C. 2743.02 acts to remove the shield of immunity from the state and permits an aggrieved party to bring an action against the state in the same manner as against a private party.

Because the law protects a patent owner from the misappropriation of his patent by a private party, R.C. 2743.02 operates to protect a patent owner from the same misappropriation if committed by the state. Consequently, on the authority of R.C. 2743.02 and 2743.03, we conclude that the Court of Claims is the proper forum in which to bring this cause of action.

Plaintiff cites *Henry v. Akron* (1985), 27 Ohio App.3d 369, 27 OBR 465, 501 N.E.2d 659, as an example of the court of common pleas entertaining a cause of action in eminent domain. However, that case involved a suit against a city, not the state. In *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, the Ohio Supreme Court explained that the Court of Claims has exclusive original jurisdiction in all civil actions brought against the state. "As such, only the 'state' may be the original defendant in an action filed in the Court of Claims." *Burr, supra,* at 72, 23 OBR at 204, 491 N.E.2d at 1105. Courts of common pleas have original jurisdiction over civil actions commenced against counties and their agencies. *Burr, supra.*

We also note that the Court of Claims sits in Franklin County. R.C. 2743.03(B). Although plaintiff asserts that the trial court erroneously concluded that venue was improper in Hamilton County, the trial court, in fact, never addressed that issue in its judgment entry. Nevertheless, because the Court of Claims has exclusive jurisdiction over this matter, the issue of venue is subsumed in the first assignment of error.

Accordingly, we hold that the trial court did not err in dismissing plaintiff's claim for lack of jurisdiction. The first and second assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and UTZ, JJ., concur.