A.C. AUKERMAN COMPANY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00459–CV.

Court of Appeals
of Texas,
Houston (1st Dist.).

March 30, 1995.

Rehearing Overruled July 6, 1995.

Allan D. Goldstein, Houston, for appellant.

John B. Lay, Austin, for appellee.

Before HEDGES, O'CONNOR and DUGGAN *, JJ.

## OPINION

HEDGES, Justice.

Appellant, A.C. Aukerman Company, (Aukerman) appeals a summary judgment granted in favor of the State of Texas in what Aukerman styles an inverse condemnation cause of action. We affirm.

**Facts**

According to its petition, Aukerman owns several patents that cover a process by which concrete roadway barriers are manufactured. It alleges that through independent contractors, the State had "obtained the benefits" of the process without paying Aukerman compensation. Aukerman crafted its suit as an inverse condemnation case in which it sought damages under the Fifth Amendment of the

United States Constitution and article I, section 17 of the Texas Constitution. Early in the proceedings, the trial court granted the State's motion for summary judgment.

**Standard of Review**

 In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the non-movant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be indulged in favor of the non-movant, and any reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752. The movant has the burden of showing that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. *MMP,* 710 S.W.2d at 60; *Goldberg,* 775 S.W.2d at 752.

 When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). Summary judgment is proper if a defendant movant proves that the law does not recognize the cause of action for which plaintiff seeks to recover. *See Chaffin v. Transamerica Ins. Co.,* 731 S.W.2d 728, 731 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

## Elements of Inverse Condemnation

 Condemnation is the procedure by which a sovereign state exercises its right to take property of a private owner for public use, without consent, but upon the payment of just compensation. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.) (cited in *Allen v. City of Texas City,* 775 S.W.2d 863, 864 (Tex.App.—Houston [1st Dist.] 1989, writ den.)). U.S. CONST. amend. V provides that "[no] private property [shall] be taken for public use without just compensation."

* Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the dis-

position of this case, which was submitted prior to that date.

Tex. Const. art. I, § 17 provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made...." U.S. Const. amend. V states "nor shall private property be taken for public use without just compensation." Inverse condemnation occurs when a property owner seeks compensation for property taken for public use without process or a proper condemnation proceeding. *City of Abilene v. Burk Royalty Co.*, 470 S.W.2d 643, 646 (Tex.1971).

■ To recover for inverse condemnation, Aukerman must plead and prove that its property was taken, damaged, or destroyed for or applied to public use. *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex.1992). The act which resulted in the taking must be intentional. *Waddy v. City of Houston*, 834 S.W.2d 97, 102 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The taking, damage, or destruction must be an (1) actual physical appropriation or invasion of the property, or (2) unreasonable interference with the land owner's right to use and enjoy his property. *Westgate*, 798 S.W.2d at 906; *Woodson Lumber Co. v. City of College Station*, 752 S.W.2d 744, 746–47 (Tex.App.—Houston [1st Dist.] 1988, no writ).

### Summary Judgment Grounds

■ The State's motion for summary judgment was based on two arguments: (1) the State did not participate in the "taking" of Aukerman's patent rights; and (2) Aukerman's cause of action is barred by the statute of limitations. As summary judgment evidence, the State attached to its motion the affidavit of B.F. Templeton, Director of Con-

struction and Contract Administration for the Texas Department of Transportation. In his affidavit, Mr. Templeton stated that "[t]he State of Texas simply has not fabricated or slip-formed any concrete highway median barriers for more than ten (10) years prior to the filing of this suit, nor has any employee of The State of Texas used such devices, processes, or machines during such time."

Aukerman does not plead that the State itself appropriated the patent rights; rather it couches its allegation in indirect terms.[1] The assertion that the State "obtained the benefits" because another person or entity violated Aukerman's patent does not suffice to establish a taking by the State as a matter of law. Aukerman fails to assert the required intentional act by the State which resulted in the taking of its property. *Waddy*, 834 S.W.2d at 102.

■ Any cause of action Aukerman might have is one for patent infringement against the contractors. Even if the contractors have infringed Aukerman's patent rights, the State, as a mere party to contracts with the contractors, without more, is not liable to Aukerman for patent infringement. *See American Graphophone Co. v. Gimbel Bros.*, 234 F. 361, 368 (S.D.N.Y.1916) (a purchaser of a product which has been made in infringement of a patented process cannot be held liable as an infringer). Framing the suit as some sort of third party beneficiary takings claim will not change the fact that the State is not liable under the facts Aukerman has pleaded.

Aukerman cites cases from other jurisdictions that have held that patent rights were

---

1. The plaintiff's original petition, filed by Aukerman in the trial court alleged the following: "4. Defendant (State of Texas) has, on numerous occasions during the pendency of each of the Patents, without Plaintiff's (Aukerman) consent, obtained the benefits of the inventions covered by the Patent for public use without compensating Plaintiff in a any way. Specifically, Defendant has entered into highway construction contracts with others who, in performing such contracts for Defendant, use the inventions covered by the Patents without paying anything to Plaintiff. Because such others do not pay anything for their use of the inventions covered by the patent, Defendant pays less for such infringing activities.

CAUSE OF ACTION FOR INVERSE CONDEMNATION

5. By obtaining benefits from the use of the inventions covered by the Patents for public use without compensating Plaintiff in any way, Defendant has in violation of the Fifth Amendment of the United States Constitution and article 1, Section 17, of the Constitution of the State of Texas, taken Plaintiff's property without just compensation to Plaintiff. At least a portion of this taking has occurred in Harris County, Texas."

property and subject to a cause of action for inverse condemnation. *See Jacobs Wind Elec. Co. v. State of Florida Dept. of Transp.*, 919 F.2d 726 (Fed.Cir.1990); *see also Wilcox Indus., Inc. v. Ohio*, 79 Ohio App.3d 403, 607 N.E.2d 514 (1 Dist.1992). Even if we were bound by those authorities, they are distinguishable. In both cases, the State or its agency directly used the process covered by the infringed patent. In both cases, the question was not whether the State "took" the patent rights, but whether the taking required compensation under U.S. CONST. amend. V.

We overrule Aukerman's point of error. Because our holding that the State did not "take" Aukerman's patent rights is dispositive, we need not address the State's statute of limitations argument.

We affirm the judgment of the trial court.