Opinion issued July 8, 2004 



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00016-CV
NO. 01-03-00759-CV




CITY OF HOUSTON, Appellant

V.

GERALD A.P. BOYLE, Appellee




On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2002-46152




O P I N I O N
          Appellant, the City of Houston (the City), defendant in the trial court, brings
these accelerated, interlocutory appeals to challenge two orders by which the trial
court refused to grant the City’s pleas to the jurisdiction for the claims of appellee,
Gerald A.P. Boyle.


 In Cause No. 01-03-00016-CV, the City brings a single issue to
challenge the trial court’s first order on the grounds that Boyle did not, despite
opportunity to amend his pleadings, allege facts sufficient to confer jurisdiction. In
Cause No. 01-03-00759-CV, which the City pursued after the trial court denied the
City’s plea a second time, the City brings two issues. The first issue challenges the
trial court’s holding that Boyle’s property-damage claim for nonnegligent nuisance
is not a claim for inverse condemnation. The second issue addresses the trial court’s
decision to abate the trial-court proceedings to permit Boyle to replead to exclude his
inverse-condemnation claim; the City contends that the trial court erred by not
dismissing that claim for want of jurisdiction. We address these appeals together and
reverse and render. 
 

Underlying Facts and Procedural Background
          Boyle owns property in the Forest Cove Country Club Estates (Forest Cove)
subdivision in Kingwood, Harris County. After annexing property in this area in
1996, the City began maintaining the drainage ditches in the area—a function
previously performed by Harris County. In addition, the City approved plans and
issued permits for construction of a shopping center and apartment complex near the
Forest Cove subdivision. 
          When Boyle’s property flooded during tropical storm Allison and again in fall
2001 and fall 2002, Boyle sued the City and others (not parties to this appeal) for
damage to and loss of his property. Factually, Boyle’s pleadings alleged that the City
did not maintain the drainage ditches properly and that the City should not have
issued building permits for construction near the Forest Cove subdivision because the
new construction placed an excessive burden on the drainage ditches in the
subdivision. Boyle’s pleadings sought damages by imposing liability on the City
under the following legal theories: inverse condemnation and nonnegligent nuisance,
pursuant to Article I, section 17 of the Texas Constitution;


 and recovery authorized
by the Tort Claims Act (TCA).


 
          The City filed special exceptions to the pleadings, which the trial court denied,
and then filed a plea to the jurisdiction to challenge the trial court’s subject-matter
jurisdiction to consider Boyle’s claims, which the trial court also denied. The City
perfected an appeal to this Court to challenge that ruling, under Cause No. 01-03-00016-CV. While that cause was pending in this Court, our sister court issued its
opinion in Taub v. Aquila Southwest Pipeline Corp., 93 S.W.3d 451 (Tex.
App.—Houston [14th Dist.] 2002, no pet.). In its second plea to the jurisdiction, the
City relied on Taub to argue, as Taub held, that the Harris County Civil Courts at Law
had exclusive jurisdiction over Boyle’s article I, section 17 claims for inverse
condemnation and nonnegligent nuisance pursuant to section 25.1032(c) of the
Government Code.


 See Taub, 93 S.W.3d at 458-59. 
          The trial court’s order denying the City’s plea acknowledged that the trial court
lacked jurisdiction over Boyle’s inverse condemnation claim.


 In the same order, the
trial court abated the suit until Boyle amended his pleadings to remove that claim. 
Because the order again denied the City’s plea, we may infer that the trial court
concluded that it retained jurisdiction over Boyle’s remaining claims. On the parties’
joint motion for clarification of that order, the trial court signed an amended order. 
This order again denied the City’s plea and ordered all proceedings abated until Boyle
amended his pleadings to exclude his claim for inverse condemnation, but held, in
addition, that Boyle’s non-negligent nuisance claim was not an article I, section 17
claim “within the meaning of section 25.1032(c) of the Texas Government Code” and
thus implicitly held that the trial court retained jurisdiction over that claim. 
Plea to the Jurisdiction
          A trial court must have subject-matter jurisdiction to adjudicate the subject
matter of a cause of action. Tex. Dep’t of Parks & Wildlife v. Miranda, No. 01-0619,
47 Tex. Sup. Ct. J. 386, 390-91 (April 2, 2004). The burden is on the plaintiff to
plead facts that affirmatively demonstrate subject-matter jurisdiction. Tex. Ass’n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Subject-matter
jurisdiction may be challenged by a plea to the jurisdiction authorized by rule 85. See
Miranda, 47 Tex. Sup. Ct. J. at 390; Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636,
638-39 (Tex. 1999); Tex. R. Civ. P. 85. 
          Whether the plaintiff has alleged facts that demonstrate subject-matter
jurisdiction is a question of law. Miranda, 47 Tex. Sup. Ct. J. at 390. Therefore, we
review the trial court’s granting or denying the plea de novo. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In asserting a plea to the jurisdiction,
a party contends that an incurable jurisdictional defect precludes the court’s hearing
the case on the merits, even if all allegations in the pleadings are true. Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); City of Houston v. Northwood
Mun. Dist. No. 1, 73 S.W.3d 304, 307 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
We do not look to the merits of the plaintiff’s case in conducting our review, but
consider only the plaintiff’s pleadings and the evidence pertinent to the jurisdictional
inquiry. Miranda, 47 Tex. Sup. Ct. J. at 390-91; County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of
conferring jurisdiction. Miranda, 47 Tex. Sup. Ct. J. at 391. 
Sovereign Immunity



          Sovereign immunity protects the State, its agencies and officials, and political
subdivisions of the State from suit, unless immunity from suit has been waived. Gen.
Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). The
sovereign immunity of the State inures to the benefit of a municipality insofar as the
municipality engages in the exercise of governmental functions, except when that
immunity has been waived.


 See Fort Worth Indep. Sch. Dist. v. City of Fort Worth,
22 S.W.3d 831, 840 (Tex. 2000); City of Tyler v. Likes, 962 S.W.2d 489, 501 (Tex.
1997); see also City of Houston v. Rushing, 39 S.W.3d 685, 686 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (stating, “The City of Houston, as a
home-rule municipality, is generally immune from both suit and liability in its
governmental functions.”). 
          Governmental immunity encompasses the following two principles: (1)
immunity from suit, which precludes a lawsuit against the entity unless the
Legislature has expressly consented to the suit, and (2) immunity from liability, which
precludes a judgment against the entity even if the Legislature has expressly
consented to the suit. Miranda, 47 Tex. Sup. Ct. J. at 389; Travis County v. Pelzel
& Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002). The burden is on the plaintiff to
establish subject-matter jurisdiction by showing that the entity has waived immunity
from suit. Jones, 8 S.W.3d at 638. Subject-matter jurisdiction is a question of law. 
Miranda, 47 Tex. Sup. Ct. J. at 390. Unless the entity has consented to suit, the trial
court lacks subject-matter jurisdiction. Id. Immunity from suit is waived only by
legislative consent or constitutional amendment. Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 695 (Tex. 2003). The supreme court has repeatedly held that
statutory or constitutional provisions must state the waiver in clear and unambiguous
language. E.g., Taylor, 106 S.W.3d at 696; Pelzel, 77 S.W.3d at 248; see also Tex.
Gov’t Code Ann. § 311.034 (Vernon Supp. 2004) (providing, “In order to preserve
the legislature’s interest in managing state fiscal matters through the appropriations
process, a statute shall not be construed as a waiver of sovereign immunity unless the
waiver is effected by clear and unambiguous language.”). 
 

Constitutional Waiver of Immunity—Article I, Section 17
          A landowner whose property has been taken, damaged, destroyed for, or
applied to public use without adequate compensation may bring an inverse
condemnation claim pursuant to article I, section 17 of the Texas Constitution, which
provides in part, “No person’s property shall be taken, damaged or destroyed for or
applied to public use without adequate compensation being made, unless by the
consent of such person . . . .” Tex. Const. art. I, § 17; Tex. Parks & Wildlife Dep’t
v. Callaway, 971 S.W.2d 145, 148 (Tex. App.—Austin 1998, no pet.) (explaining
meaning of “inverse” condemnation). The constitution thus waives governmental
immunity from suit and liability “for the taking, damaging or destruction of property
for public use.” Steele v. City of Houston, 603 S.W.2d 786, 788-92 (Tex. 1980); see
Likes, 962 S.W.2d at 504-05; Northwood Mun. Dist. No. 1, 73 S.W.3d at 308. A
landowner may recover for damages to his property under article I, section 17 even
when there is no transfer of property rights. Steele, 603 S.W.2d at 790. To
demonstrate that a constitutional inverse condemnation has occurred, the landowner
must show that (1) the State intentionally performed certain acts in the exercise of its
lawful authority (2) that resulted in a “taking” of property (3) for public use. Steele,
146 S.W.2d 731, 736 (1941); Northwood Mun. Dist. No. 1, 73 S.W.3d at 308. 
 

A.      Whether Government Code Section 25.1032(c) Applies to Boyle’s
Nonnegligent (Intentional) Nuisance Claim 
 
          In response to the City’s second plea to the jurisdiction, the trial court agreed 
that under the Taub decision, the Harris County Civil Courts at Law had exclusive
jurisdiction over Boyle’s inverse condemnation claims. That conclusion remains
unchallenged because, as explained above, Boyle did not perfect his own appeal to
challenge that ruling.


 
          It is undisputed that Boyle’s pleadings invoked article I, section 17’s waiver
of immunity for both his inverse condemnation and his nonnegligent (intentional)
nuisance claims. The trial court nevertheless concluded that Boyle’s nuisance claim
was “not an inverse condemnation claim within the meaning of section 25.1032(c)”
of the Government Code and was therefore not within the exclusive jurisdiction of
the Harris County Civil Courts at Law. 
          In its first issue in Cause No. 01-03-00759-CV, the City challenges that
conclusion and the trial court’s implied conclusion that it retained jurisdiction over
Boyle’s nonnegligent (intentional) nuisance claim. As Taub recognized, Harris
County Civil Courts at Law have exclusive jurisdiction over article I, section 17
claims pursuant to section 25.1032(c) of the Government Code.


 See Taub, 93
S.W.3d at 458-59. Section 25.1032(c) of the Government Codes provides in part as
follows:(c)   A county civil court at law has exclusive jurisdiction in Harris
County of eminent domain proceedings, both statutory and
inverse, regardless of the amount in controversy. 

Tex. Gov’t Code Ann. § 25.1032(c) (Vernon 2004). Boyle disputes that the Harris
County Civil Courts at Law have jurisdiction over his nonnegligent nuisance claim
because section 25.1032(c) refers only to “eminent domain proceedings” and does not
refer to either article I, section 17 or nonnegligent nuisance. Boyle’s contentions
ignore his own pleadings. 
1.       Eminent Domain and Condemnation Consist of Taking
          A municipality exercises its power of eminent domain through the process
generally referred to as “condemnation.” Taub, 93 S.W.3d at 456 (quoting Black's
Law Dictionary 523 (6th ed.1990)). Condemnation is the procedure by which the
sovereign exercises its right to take property of a private owner for public use,
without consent, but upon the payment of just compensation. A.C. Aukerman Co. v.
State, 902 S.W.2d 576, 577 (Tex. App.—Houston [1st Dist.] 1995, writ denied). 
Inverse condemnation occurs when (1) a property owner seeks (2) compensation for
(3) property taken for public use (4) without process or a proper condemnation
proceeding. See id., 902 S.W.2d at 577; see also Westgate, Ltd. v. State, 843 S.W.2d
448, 452 (Tex. 1992) (“An inverse condemnation or ‘taking’ action is thus available
to compensate a property owner for a loss resulting when his property has been taken
or damaged for public use without compensation or a condemnation proceeding.”).
2.       Nonnegligent (Intentional) Nuisance as Governmental “Taking”
          When a governmental entity creates a nonnegligent nuisance that damages and
thus “takes” the owner’s property, settled law recognizes that article I, section 17 of
the constitution waives immunity and enables a property owner to recover
compensation for the loss of his property.


 See Likes, 962 S.W.2d at 504; Steele, 603
S.W.2d 791; City of Abilene v. Downs, 367 S.W.2d 153, 159 (Tex. 1963); Brewster
v. City of Forney, 22 S.W. 175, 176 (Tex. Comm’n App.1920, judgm’t adopted); see
also Kerr v. Tex. Dep’t of Transp., 45 S.W.3d 248, 250, 252 (Tex. App.—Houston
[1st Dist.] 2001, no pet.) (holding that trial court erroneously sustained plea to
jurisdiction because pleadings sufficiently alleged both nuisance and constitutional
taking); Tarrant County v. English, 989 S.W.2d 368, 374 (Tex. App.—Fort Worth
1998, pet. denied) (noting that nonnegligent nuisance claims are alternative grounds
of recovery under article I, section 17 of the constitution); Bible Baptist Church v.
City of Cleburne, 848 S.W.2d 826, 830 (Tex. App.—Waco 1993, writ denied)
(recognizing that proof of nonnegligent nuisance authorizes recovery for
unconstitutional taking).
3.       Boyle’s Pleadings Alleged “Taking” by Inverse Condemnation and
Nuisance
          Boyle’s amended pleadings alleged that the City’s intentional conduct, both in
maintaining the drainage ditches and in issuing the permit for adjacent construction,
“resulted in a taking and a non-negligent [sic] nuisance under Article I, section 17 of
the Texas Constitution[,]” which denied Boyle his constitutional right “to receive the
benefit of the proper condemnation proceedings.” Boyle further alleged that the City
“intentionally took [Boyle’s] land for a public use without proper compensation[,]”
that he had a right to “recover just compensation for the taking, damaging and
destroying of his property[,]” and that his inverse condemnation and nonnegligent
nuisance were causes of action granted under the constitution, for which the City “has
no immunity.” 
4.       Boyle’s Claims—Both Inverse Condemnation and Nonnegligent
(Intentional) Nuisance—Sought Condemnation Damages 

          Taking the allegations in Boyle’s pleadings as true and construing them
liberally and in favor of conferring jurisdiction, Miranda, 47 Tex. Sup. Ct. J. at 391,
we conclude that Boyle contends that the City’s conduct amounted to both a
nonnegligent (intentional) nuisance and an inverse condemnation, for which the City
had constitutionally waived immunity, and that both actions by the City amounted to
an intentional taking, for which Boyle was entitled to compensation through the
“proper condemnation proceedings.” (Emphasis added.) As Taub recognized,
because inverse condemnation proceedings are the means by which the City exercises
its power of eminent domain, they are therefore within the exclusive jurisdiction of
the Harris County Civil Courts at Law. See Taub, 93 S.W.3d at 456. Because
Boyle’s pleadings seek recovery premised on allegations that the City’s alleged
conduct—both nonnegligent nuisance and inverse condemnation—resulted in a
taking of his property that entitled him to compensation, we conclude that exclusive
jurisdiction over Boyle’s nonnegligent nuisance claim, as well as his inverse
condemnation claim, is in the Harris County Civil Courts at Law pursuant to section
25.1032(c) of the Government Code. Tex. Gov’t Code Ann. § 25.1032(c); see
Taub, 93 S.W.3d at 458-59. Accordingly, the trial court should have sustained the
City’s second plea to the jurisdiction and erred by concluding that Boyle’s nuisance
claim was not an inverse condemnation claim within the meaning of section
25.1032(c).
           We sustain the City’s first issue in Cause No. 01-03-00759-CV.
B.      Whether the City Waived Immunity Under the Tort Claims Act
          Having held that the trial court should have sustained the City’s plea to the
jurisdiction for Boyle’s nonnegligent nuisance claims in addition to his inverse
condemnation claims and yielded those claims to the exclusive jurisdiction of the
Harris County Civil Courts at Law, we note that the only claims that remain are those
that Boyle contends he was entitled to assert under the TCA. In its sole issue in
Cause No. 01-03-00016-CV, the City contends that the trial court erred by denying
the City’s plea to the jurisdiction for those claims. 
          The TCA does not create a cause of action, but merely establishes waiver of
governmental immunity. Likes, 962 S.W.2d at 494. The entity remains immune
unless waived by the TCA. Miranda, 47 Tex. Sup. Ct. J. at 389. The TCA waives
immunity from suit for liability created under the TCA. Tex. Civ. Prac. & Rem.
Code Ann. § 101.025(a) (Vernon Supp. 2004); see Miranda, 47 Tex. Sup. Ct. J. at
389. Broadly construed, Boyle’s pleadings allege that the City improperly maintained
its storm sewers and improperly issued a building permit for the apartment-complex
construction, and Boyle seeks actual and punitive damages for claimed damage to and
loss of his property. The acts and omissions that Boyle alleges are all governmental
functions. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.0215(a)(9), (28), (29),
(30) (Vernon Supp. 2004) (operation and maintenance of storm sewers; building
codes and inspection, plat approval; and engineering functions, respectively).
          A governmental entity may be liable under the TCA for property damage that
occurs as a result of its governmental functions in the following instances:
(1) property damage . . . proximately caused by the wrongful act or omission
or the negligence of an employee acting within his scope of employment if:
 
(A) the property damage . . . arises from the operation or use of a
motor-driven vehicle or motor-driven equipment; and
 
(B) the employee would be personally liable to the claimant
according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (Vernon 1997). 

          Under the TCA, therefore, for the City to waive immunity for property-damage
claims, the damage must have been caused by negligent operation or use of a motor
vehicle or motor-driven equipment. Because Boyle’s pleadings do not allege either
of these, the general rule of immunity controls. See Miranda, 47 Tex. Sup. Ct. J. at
391. Accordingly, the trial court erred by not sustaining the City’s first plea to the
jurisdiction for the claims for which Boyle claimed the TCA waived the City’s
immunity. 
          We sustain the City’s sole issue in Cause No. 01-03-00016-CV. 
C.      Whether the Trial Court Properly Ordered Abatement to Permit Boyle to
Amend His Pleadings to Remove His Inverse Condemnation Claim
 
          The City’s second issue in Cause No. 01-03-00759-CV challenges the trial
court’s decision to abate the trial-court cause to permit Boyle to amend his pleadings
to remove his inverse condemnation claim. The supreme court recently clarified that
a trial court properly abates a cause in response to a plea to the jurisdiction when the
facts alleged in the pleadings do not demonstrate incurable defects and are merely
insufficient to assert jurisdiction. Miranda, 47 Tex. Sup. Ct. J. at 391. When, as we
have held above, the pleadings “affirmatively negate” jurisdiction, the trial court
properly grants the plea to the jurisdiction without allowing an opportunity to amend. 
Id.
           The trial court’s abatement here assumes that the trial court retained
jurisdiction to address Boyle’s tort claims, pursuant to the TCA, and his nonnegligent
(intentional) nuisance claims. We have held that, under the facts alleged and the legal
theories pursued, the trial court had no jurisdiction to address either and should have
sustained the City’s pleas. Accordingly, Boyle’s defects were incurable; nothing
remained to abate; and the trial court should have dismissed the cause in response to
the City’s second plea. 
          We sustain the City’s second issue in Cause No. 01-03-00759-CV.
Conclusion
          We reverse the judgment of the trial court and render judgment sustaining the
City’s pleas to the jurisdiction. We deny all pending motions as moot.




                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley.