NUMBER 13-04-099-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

THE STATE OF TEXAS, THE TEXAS 
GENERAL LAND OFFICE, AND THE 
TEXAS LAND COMMISSIONER,                                        Appellants,

v.

HERBERT W. HOLLAND,                                                     Appellee.
___________________________________________________________________

On appeal from the 23rd District Court
of Matagorda County, Texas.
__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Opinion by Justice Rodriguez

            Appellants, the State of Texas, the Texas General Land Office, and the Texas
Land Commissioner, bring this accelerated interlocutory appeal following the trial
court’s denial of their plea to the jurisdiction.


 Appellants contend that the trial court
erred in denying its plea to the jurisdiction because (1) appellee, Herbert Holland, failed
to adequately plead a cause of action for inverse condemnation; and (2) the State
acted under color of contract, and therefore, no takings claims can be brought as a
matter of law. We affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
         Over the past several years, the Texas General Land Office has worked to abate
oil pollution in areas of the Gulf of Mexico by constructing filtration units along the
Texas coast. Specifically, the State has been involved in the construction of these
facilities at Port Isabel, Palacios, and Port Lavaca, Texas. The filtration units use a
series of special polymer-based filters to remove the pollution. Holland holds the
patent for those filters and for the filtration process.
         In 2002, Holland sent a letter to the State claiming the State had infringed on
his patent and requesting payment for the use of his patented technology. After the
State refused to pay, Holland filed suit, asserting inverse condemnation under article
I, section 17 of the Texas Constitution. The State responded with a general denial and
a plea to the jurisdiction arguing that the trial court lacked jurisdiction because
sovereign immunity barred Holland’s claim, there was no intentional act as required in
a takings claim, the plaintiff’s case was pre-empted by federal law, and Texas does not
recognize a takings claim for patent infringement. The State also asserted immunity
from suit because Holland had allegedly brought a contract claim disguised as a patent
infringement claim.
         On February 5, 2004, the trial court held a hearing on the State’s plea to the
jurisdiction. After reviewing the pleadings, affidavit evidence and testimony from the
parties, the trial court denied appellants’ plea to the jurisdiction. This appeal ensued.
II. STANDARD OF REVIEW
         A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of
action without regard to whether the claims asserted have merit.” Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court’s
authority to determine the subject matter of a pleaded cause of action. City of
Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.–El Paso 2000, pet. dism’d w.o.j.);
State v. Benavides, 772 S.W.2d 271, 273 (Tex. App.–Corpus Christi 1989, writ
denied). Because subject matter jurisdiction is a question of law, we review a trial
court’s ruling on a plea to the jurisdiction under a de novo standard of review. State
v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003). 
         When a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to
hear the cause. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). In determining whether jurisdiction exists, rather than looking at the
claim’s merits, we look to the allegations in the pleadings, accept them as true, and
construe them in favor of the pleader. See County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002). We consider the facts alleged in the petition, and to the extent
it is relevant to the jurisdictional issue, any evidence submitted by the parties to the
trial court. Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868
(Tex. 2001); Bland, 34 S.W.3d at 555. 
III. ANALYSIS
         Holland’s first amended petition asserts an inverse condemnation claim pursuant
to article I, section 17 of the Texas Constitution. See Tex. Const. art. I, §17. Section
17 provides that “no person’s property shall be taken, damaged or destroyed for or
applied to public use without adequate compensation being made . . . .” Id. 
Condemnation is the procedure by which a sovereign state exercises its right to take
property of a private owner for public use, without consent, but upon the payment of
just compensation. A.C. Aukerman Co. v. State, 902 S.W.2d 576, 578 (Tex.
App.–Houston [1st Dist.] 1995, pet. denied). Inverse condemnation occurs when a
property owner seeks compensation for property taken for public use without process
or a proper condemnation proceeding. Id.
         Generally, sovereign immunity, unless waived, protects the State of Texas, its
agencies and its officials from lawsuits for damages, absent legislative consent to sue
the State. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Under
article I, section 17 of the Texas Constitution, sovereign immunity is waived for a valid
inverse condemnation claim. Dahl v. State, 92 S.W.3d 856, 862 (Tex. App.–Houston
[14th Dist.] 2002, no pet.). If, however, a plaintiff does not allege a valid inverse
condemnation claim, sovereign immunity does apply, and a court should grant the plea
to the jurisdiction. Id. 
A. Inverse Condemnation PleadingAppellants first contend that the trial court erred in denying their plea to the
jurisdiction because Holland failed to adequately plead a cause of action for inverse
condemnation and therefore, sovereign immunity is not waived. To plead a cause of
action for inverse condemnation, Holland was required to assert that his property was
taken, damaged or destroyed for or applied to public use. See A.C. Aukerman, 902
S.W.2d at 578. Additionally, the act which resulted in the taking must be intentional. 
Id. The taking, damage or destruction must be an actual physical appropriation or
invasion of property, or unreasonable interference with the owner’s right to use and
enjoy his property. Id. 
         Holland’s first amended petition alleges, in relevant part, the following:
9.The practice of the method used by the [General Land Office] and
the use of the apparatus are physical acts that constitute an
invasion of Plaintiff’s property right.
 
10.The practice of the method used by the [General Land Office] and
the use of the apparatus are physical acts that constitute an
unreasonable interference with Plaintiff’s exclusive right to use and
enjoy his property.
 
11.The acts of the [General Land Office] constitute a taking of
Plaintiff’s property without just compensation.
 
12.Plaintiff’s property has been taken by the [General Land Office] for
or applied to public use.
 
13.The acts by the [General Land Office], which have resulted in the
taking of Plaintiff’s property, were done intentionally and are
continuing to be done intentionally. 
(Emphasis added). Looking at the allegations in Holland’s petition, it is clear that he
properly pled the elements of an inverse condemnation claim.
         Appellants contend that Holland’s allegations are insufficient to plead a “taking”
within the meaning of article I, section 17 because Holland has not provided proof that
his property has been destroyed or damaged. We note that “taking,” “damaging,” and
“destruction” of one’s property are three distinct claims arising under article I, section
17, although the term “taking” has become used as a shorthand to refer to all three
types of claims. City of Dallas v. Jennings, 142 S.W.3d 310, 313 n.2 (Tex. 2004). 
In this case, Holland has pleaded a “taking” claim, not a “damage” or “destruction”
claim. Therefore, Holland is not required to allege that his property was damaged or
destroyed. Nor is he required to marshal proof at this time, as it is necessary only to
plead facts showing the elements of the cause of action. Kerr v. Dep’t of Transp., 45
S.W.3d 248, 251 n.3 (Tex. App.–Houston [1st Dist.] 2001, no pet.).
         Additionally, appellants argue that Holland’s petition does not assert that the
State had the requisite intent for an inverse condemnation claim. In support of this
argument, appellants cite to Jennings, 142 S.W.3d at 314, for the proposition that in
order to establish a taking, the taking entity must know (1) the act will cause an
identifiable harm or (2) that specific property damage is substantially certain to result. 
However, we find the Jennings case distinguishable as the supreme court in that case
was analyzing the required intent for a claim of “damage” to property. See id. at 313-15. The two prongs set out by the supreme court to establish the intent element in
a “damage” claim are not necessary in a “taking” claim. As we stated earlier, a
“damage” claim is distinctly different from Holland’s “taking” claim. Holland alleged
that the State intentionally performed acts which resulted in a “taking” of property for
public use. Holland need not allege that the State knew the act would cause an
identifiable harm or that specific property damage is substantially certain to result. We
therefore find Holland’s pleadings are sufficient to satisfy the intent element of his
inverse condemnation claim.
         Accordingly, looking at the allegations in the pleadings, accepting them as true,
and construing them in favor of the pleader, see Brown, 80 S.W.3d at 555, we
conclude Holland’s petition clearly states a claim for inverse condemnation. 
Appellants’ first issue is overruled.B. Existence of a Contract
         By their second issue, appellants argue that the trial court should have granted
the State’s plea to the jurisdiction based on the State’s evidence that an implied-in-fact
contract existed with Holland’s companies for the construction and use of the Palacios
facility. When the State acts within a color of right under a contract and not under its
eminent domain powers, the State does not have the requisite intent under
constitutional-takings jurisprudence. See Gen. Servs. Comm’n v. Little-Tex Insulation
Co., Inc., 39 S.W.3d 591, 598-99 (Tex. 2001). Therefore, if a contract exists in this
case regarding the State’s use of Holland’s patented filtration process, Holland cannot
plead a valid takings claim, and the State’s plea to the jurisdiction should be granted. 
See id.
         If a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do. Tex. Dep’t Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004). When the consideration of
a trial court's subject matter jurisdiction requires the examination of evidence, the trial
court exercises its discretion in deciding whether the jurisdictional determination should
be made at a preliminary hearing or await a fuller development of the case, mindful
that this determination must be made as soon as practicable. Id. In a case in which
the jurisdictional challenge implicates the merits of the plaintiff’s cause of action and
the plea to the jurisdiction includes evidence, the trial court reviews the relevant
evidence to determine if a fact issue exists. Id. If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea to the
jurisdiction, and the fact issue will be resolved by the fact finder. Id. However, if the
relevant evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, the trial court rules on the plea to the jurisdiction as a matter of law. Id.
         The evidence introduced by appellants at the hearing included invoices, purchase
requisitions and other correspondence between the General Land Office and the two
companies owned by Holland, Spill Removal Products and Pollution Prevention
Services. This evidence shows that the State paid money to Holland’s companies for
the components, installation, design and consulting for the Palacios facility. 
Additionally, the State introduced the testimony of Dale Smith who testified as to the
existence of a contractual relationship between the State and Holland’s companies. 
However, there is little evidence supporting the existence of a contract with Holland,
the owner of the patent. The State’s own witness acknowledged that there was no
contract with Holland.
         Based on the evidence presented by appellants, this Court cannot conclude as
matter of law that an implied contract existed between the State and Holland regarding
the use of Holland’s patented filtration process. Accordingly, we find that a fact issue
exists as to the existence of a contract which must be resolved by the fact finder. See
Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co., Inc., 480 S.W.2d
607, 610 (Tex. 1972) (stating that the existence of an implied contract rests upon
inferences which are drawn by the trier of fact from surrounding facts and
circumstances). Appellants’ second issue is overruled.IV. CONCLUSION
         Having found that Holland’s pleadings contain sufficient facts to affirmatively
demonstrate the trial court's jurisdiction and that the existence of an implied contract
between the parties is a fact issue which must be determined by the finder of fact, we
accordingly affirm the decision of the trial court. 

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed
this 24th day of March, 2005.