**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00480-CV

————————————

**METROPOLITAN THEATRE, LLC, Appellant**

**V.**

**YES PREP PUBLIC SCHOOLS, INC., Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-24030**

---

## MEMORANDUM OPINION

In this interlocutory appeal, appellant Metropolitan Theatre, LLC challenges

the trial court's order granting appellee YES Prep Public Schools, Inc.'s plea to the

jurisdiction and supplemental plea to the jurisdiction. The underlying dispute

arose after YES Prep entered into a contract with Joseph Dow to purchase real property previously the subject of a contract between Metropolitan and Dow. In its sole issue, Metropolitan contends that the trial court erred in granting YES Prep's pleas to the jurisdiction because (1) contracts are personal property protected by the Takings Clause to the Texas Constitution and (2) YES Prep was not acting under colorable contract rights when it caused Dow to breach its contract with Metropolitan and sell the real property in question to YES Prep. We affirm the trial court's order dismissing Metropolitan's claims against YES Prep for lack of jurisdiction.

## Background

On February 12, 2013, Metropolitan and Dow entered into a contract under which Dow agreed to sell and Metropolitan agreed to purchase property located at 5515 South Loop East, in Houston, Texas, for $4.25 million.[1] On May 1, 2014, YES Prep, an open-enrollment charter school, entered into a contract with Dow to purchase the property in question. On August 1, 2014, Dow and YES Prep closed on the sale at which time YES Prep paid Dow $5.2 million, and Dow tendered a

---

[1] YES Prep objects and moves to strike tab 2 of Metropolitan's appendix (the Metropolitan-Dow contract) because Metropolitan did not file a copy of the contract in the trial court and, thus, it is not part of the appellate record. Because our review is confined to the evidence in the appellate record, we grant YES Prep's motion to strike the Metropolitan contract. *See Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 457–58 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (granting motion to strike extra-record documents included in appellant's brief).

2

special warranty deed conveying title to the property to YES Prep. YES Prep recorded the deed on August 4, 2014.

On April 27, 2015, Metropolitan filed suit against Dow and YES Prep alleging causes of action for breach of contract, fraud, fraud in a real estate transaction, credit fraud, theft/misappropriation, and seeking declaratory judgment, specific performance, injunctive relief, and damages. YES Prep filed a plea to the jurisdiction and original answer, asserting that, as a public enrollment charter school formed pursuant to Chapter 12 of the Education Code,[2] it is a governmental entity immune from suit absent a clear and unambiguous waiver of immunity.[3] Metropolitan filed two supplements to its original petition, as well as a response to YES Prep's plea to the jurisdiction, alleging that YES Prep had taken or destroyed Metropolitan's contract rights under its contract with Dow without adequate compensation and, in doing so, violated Article I, Section 17 of the Texas Constitution. YES Prep filed a supplemental plea to the jurisdiction and a reply in support of its pleas.

---

[2]    *See* TEX. EDUC. CODE ANN. § 12.101 (West 2014).

[3]    The record reflects that Dow filed an original answer, counterclaim, and third-party petition alleging that Dow and Metropolitan entered into an earnest money contract on February 12, 2013, which was signed by the buyer as "Metropolitan Theatre LLC/Anthony McGill–by: Anthony McGill, President." Dow further alleged that "Metropolitan Theatre LLC was not formed with the Texas Secretary of State until March 28, 2013."

Following a hearing, the trial court entered an order on May 18, 2015, granting YES Prep's pleas to the jurisdiction and dismissing all of Metropolitan's claims against YES Prep. This interlocutory appeal followed.[4]

## Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The standard of review of an order granting a plea to the jurisdiction based on governmental immunity is de novo. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). While we must construe the allegations in favor of the plaintiff, we are not bound by legal conclusions. *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet).

---

[4] Dow is not a party to this interlocutory appeal from the trial court's order granting YES Prep's pleas to the jurisdiction.

4

## Applicable Law

As an open-enrollment charter school, YES Prep is a state governmental unit for purposes of the Texas Tort Claims Act. *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 82 (Tex. 2011) ("Open-enrollment charter schools are governmental units for Tort Claims Act purposes . . . ."). Absent an express waiver of its sovereign immunity, the State is generally immune from suit. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). However, sovereign immunity does not shield the State from a claim based upon a taking under Article I, Section 17 of the Texas Constitution. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). The "takings clause" mandates that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ." TEX. CONST. art. I, § 17. To establish a takings claim under Article I, Section 17, the claimant must show that a governmental actor acted intentionally to take or damage property for a public use. *Little–Tex Insulation Co.*, 39 S.W.3d at 598.

## Discussion

Metropolitan contends that it presented a viable takings claim because the pleadings before the trial court demonstrate that YES Prep is a governmental entity which took or destroyed Metropolitan's contract with Dow in order to purchase the property itself for public use. In support of its argument, Metropolitan asserts that

5

contracts are subject to the adequate compensation requirements of the takings clause and YES Prep was not acting under any colorable contract rights when it destroyed the Metropolitan contract. YES Prep responds that it did not take the Metropolitan contract by acquiring the property under its own contract with Dow because a private party who contracts with another private party has no takings claim against a governmental entity that acquires the subject matter of the contract. It further argues that Metropolitan has failed to establish that YES Prep intended to take the Metropolitan contract under its powers as a governmental entity but rather was acting with intent akin to that of a private citizen.

As previously noted, a claimant alleging a takings claim under Article I, Section 17, must show: (1) an intentional act by a governmental entity, (2) that resulted in a taking of property, (3) for public use. *See State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Little–Tex Insulation Co.*, 39 S.W.3d at 598. With regard to the first element, the Texas Supreme Court has held that when the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent domain powers and thus retains its immunity from suit. *See Little–Tex Insulation Co.*, 39 S.W.3d at 598–99. The *Little-Tex* court explained:

> Texas courts have long recognized that the State wears two hats: the State as a party to the contract and the State as sovereign. The State, in acting within a color of right to take or withhold property in a contractual situation, is acting akin to a private citizen and not under

6

any sovereign powers. In this situation, the State does not have the intent to take under its eminent domain powers; the State only has an intent to act within the scope of the contract.

*Id.* at 599 (citations omitted).

In its brief, Metropolitan contends that YES Prep was not acting under any colorable contract rights when it destroyed the Metropolitan contract. Noting that the trial court specifically cited *State v. Holland*, 221 S.W.3d 639 (Tex. 2007) and *A.C. Aukerman Co. v. State*, 902 S.W.2d 576 (Tex. App.—Houston [1st Dist.] 1995, writ denied) in its order granting YES Prep's pleas to the jurisdiction, Metropolitan contends that the rationale in those cases is inapplicable to Metropolitan's takings claim because YES Prep had no contract with Dow when it interfered with the Metropolitan contract.

In *Holland*, Holland developed a process to clean oil-contaminated bilge water. 221 S.W.3d at 641. The State contracted with Holland's companies for assistance in designing filtration units using this process. *Id.* The units were constructed, and Holland's companies were paid pursuant to the terms of the contract. *Id.* Holland later received a patent on the process and began demanding payment of patent royalties from the State. *Id.* When the State refused to make additional payments, Holland sued the State alleging that its use of his patented process constituted a taking of his property in violation of Article I, Section 17 of the Texas Constitution. *Id.*

7

The State asserted that it was acting under color of contract and, therefore, Holland failed to state a viable takings claim. *Id.* at 643. Holland responded that he had no contract with the State and therefore the State's use of his patent was unauthorized. *Id.* The State argued that the fact that its contracts were with Holland's companies and not Holland was immaterial because the focus was whether the State had the requisite intent to take property thereby invoking its eminent domain powers. *Id.*

The Texas Supreme Court agreed with the State, concluding that the "absence of an express contract between Holland and the State, or uncertainties about the existence of an implied contract between them, are immaterial to determining the capacity in which the State is acting." *Id.* Noting that the State had accepted Holland's product and his services under color of its contracts with his companies and, therefore, lacked the requisite intent to take Holland's process under its eminent domain powers, it held that the State was not subject to liability under the takings clause. *See id*. at 644.

In *A.C. Aukerman Co*., the State paid independent highway construction contractors who had used concrete roadway barriers manufactured using a process over which Aukerman asserted patent rights. 902 S.W.2d at 577. Claiming that the State had obtained the benefits of his patents without paying compensation, Aukerman sued the State for inverse condemnation. *Id.* This court affirmed the

trial court's summary judgment in the State's favor, determining that any cause of action Aukerman might have was for patent infringement against the independent contractors. *Id.* at 578. We concluded that even if the contractors had infringed Aukerman's patent, the State was merely a party to contracts with them and, without more, could not be liable for patent infringement. *Id.* Having acquired the concrete barriers through its third-party contract, we held that the State lacked the intent necessary to establish a takings claim. *Id.* at 578–79.

Metropolitan argues that these cases are inapposite to the present case because YES Prep had no contract with Dow when it interfered with the Metropolitan contract by convincing Dow to breach that agreement and execute the YES Prep contract. In this regard, Metropolitan contends that the facts here are more akin to those in *Cypress Forest Public Utility District v. Kleinwood Municipal Utility District*, 309 S.W.3d 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In that case, Kleinwood entered into an agreement with private property developers for the annexation of a thirty-nine acre tract of undeveloped land in Harris County that was adjacent to both Kleinwood and Cypress Forest's districts. *See id.* at 670–71. Kleinwood alleged that when Cypress Forest learned of the Kleinwood annexation agreement, Cypress Forest began soliciting and negotiating with the developers, and encouraged the developers to abandon the Kleinwood annexation agreement and to enter into a similar contract with Cypress

Forest for the purpose of annexing the tract to Cypress Forest's district. *See id.* at 671. Kleinwood sued Cypress Forest alleging, among other things, a taking of its contract rights under the Kleinwood agreement. *See id.*

The Fourteenth Court of Appeals noted that "when the State withholds property in a contractual context, it lacks the necessary intent to commit a taking because it 'is acting within a color of right under the contract and not under its eminent domain powers.'" *Id.* at 674 (quoting *Little-Tex Insulation Co.*, 39 S.W.3d at 598–99). The Court concluded, however, that the theory was inapplicable to the case before it because the complained-of act—Cypress Forest's interference with the Kleinwood annexation agreement—was not pursuant to an existing contract right belonging to Cypress Forest. *See id.* The court reasoned that

> Kleinwood complains of Cypress Forest's alleged acts **prior to** the Cypress Forest annexation agreement: by persuading the developers to breach its contract with Kleinwood and by entering into the Cypress Forest annexation agreement, Cypress Forest appropriated Kleinwood's rights to have the tract annexed to its district and to tax the property in the future. These alleged acts of interference occurred before Cypress Forest was a party to the Cypress Forest annexation agreement. Thus, the alleged act of taking—interfering with the Kleinwood annexation agreement—was not pursuant to an *existing* colorable contract right created under the Cypress Forest annexation agreement. Accordingly, Cypress Forest was not acting under existing contract rights.

*Id.* at 674–75 (emphasis in original).

Metropolitan contends that, just as in *Cypress Forest*, "YES Prep conflates its purchase of the Property—which was indeed acquired pursuant to its contract with Dow—with its prior interference with the Metropolitan Contract. When YES Prep convinced Dow to breach the Metropolitan Contract, YES Prep and Dow had not yet executed the YES Prep Contract." However, as YES Prep notes in its brief, Metropolitan's petitions do not allege interference by YES Prep with the Metropolitan contract prior to YES Prep's contract with Dow, nor do they plead any facts that would support such an allegation. Rather, Metropolitan complains that YES Prep "took" Metropolitan's contractual rights when it bought the property from Dow without payment of adequate compensation.[5] Thus, *Cypress Forest* is distinguishable from the facts present here.

Moreover, as the *Holland* court recognized, the government may lack the requisite intent to take under its sovereign powers even if no contract exists. *See Holland*, 221 S.W.3d at 643 ("[A]bsence of an express contract between Holland and the State, or uncertainties about the existence of an implied contract between them, are immaterial to determining the capacity in which the State is acting."). Rather, the proper inquiry is whether the government acted "akin to a private citizen." *Id.* (quoting *Little–Tex*, 39 S.W.3d at 599); *see City of Dallas v. CKS*

---

5    Metropolitan does not address this argument in its reply brief.

11

*Asset Mgmt., Inc.*, 345 S.W.3d 199, 202 (Tex. App.—Dallas 2011, pet. denied) (noting courts' focus in takings analysis is on whether government acted "akin to a private citizen" or whether government's conduct necessitated use of sovereign powers); *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 176 n.5 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding governmental unit was acting "akin to a private citizen" when it acquired property and was not acting pursuant to its sovereign powers); *MBP Corp. v. Bd. of Trustees of Galveston Wharves*, 297 S.W.3d 483, 491 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (noting lawsuit was, at its essence, dispute in which plaintiff contended its contractual rights to property were negatively affected by governmental entity's physical improvements and, because private landowner could have acted as governmental entity did, plaintiff had not shown governmental entity lacked requisite intent to act under its sovereign powers); *Dallas Cty. Cmty. Coll. Dist. v. Clear Channel Outdoor, Inc.*, No. 05–07–00701–CV, 2008 WL 3307085, at *3 (Tex. App.—Dallas 2008, pet. denied) (mem. op.) ("In other words, the District was acting as any private party could, and not a sovereign, in exercising its right under the lease, and its assertion of that right was not a taking.").

Based on the record before us, we conclude that Metropolitan has not affirmatively shown that YES Prep had the requisite intent to take property under

its sovereign powers as required for a constitutional takings claim. Therefore, YES Prep is not subject to suit under Article I, Section 17 of the Texas Constitution. *See Holland*, 221 S.W.3d at 644. Because the trial court did not err in granting YES Prep's pleas to the jurisdiction, we overrule Metropolitan's issue.[6]

## Conclusion

We affirm the trial court's order granting YES Prep's plea to the jurisdiction and supplemental plea to the jurisdiction and dismissing Metropolitan's claims against YES Prep for want of jurisdiction.

Russell Lloyd
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

---

[6] In light of our disposition, we need not address Metropolitan's additional argument that its contract is property subject to adequate compensation under the takings clause. *See* TEX. R. APP. P. 47.1.

13